CHAIN BELT COMPANY and another, Appellants, vs. INDUS-
TRIAL COMMISSION OF WISCONSIN and others, Re-
spondents.

*November 20—December 8, 1925.*

*Workmen's compensation: Surgical operation: Necessity: Refusal
of employer to furnish: Failure of employee to use brace
prescribed by physician: Evidence: Sufficiency.*

1. In a proceeding by an injured workman for compensation,
   where the evidence as to the necessity of an operation which
   the employer's physician declared unnecessary and refused
   to perform was conflicting, an order of the industrial com-
   mission requiring the payment of medical expenses was
   proper under sec. 102.09, Stats. p. 417.
2. Whether the employee's refusal to continue to wear a brace
   prescribed by the physician was unreasonable or neglect on
   his part under sec. 102.09, Stats., presented a question of
   fact, and the conclusion of the industrial commission, based
   on evidence, cannot be disturbed on appeal. p. 417.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The claimant *Bavle* suffered a compound fracture of the
left leg below the knee December 30, 1921, while in the
employ of appellant *Chain Belt Company,* and at the hos-
pital was operated upon by a physician chosen by him from
the panel furnished by said appellant. Several days after-
wards a sore developed on his left heel which persisted as
an open wound for some months. He left the hospital
June 27, 1922, returning again October 10th for an opera-
tion on the 12th by the same physician in an effort to cause
such opening on the heel to close. He left the hospital
December 6th.

In February, 1923, he was directed by the same physician
to go and have a brace fitted to relieve the difficulty with
his knee. Several adjustments of a brace were made and
willingness shown by appellant to have more adjustments

made in order to have a suitable brace; *Bavle* continually claiming that the pain in his leg and heel was constant and that the brace was no help.

In June, 1923, after an examination by a physician of claimant's choosing, it was claimed that the constant pain was probably due to a nerve filament being caught in the scar which had developed on the heel and that an operation would relieve it, and such operation was performed after the physicians of appellant's panel had refused to do so and declared the operation unnecessary.

In April, 1924, claimant testified that the pain which had persisted until the operation in June, 1923, had disappeared.

Compensation of $808.16 and $1,387.82 medical expense was paid up to May, 1923, by the insurance carrier, and by order of the *Industrial Commission* in September, 1923, further weekly indemnity was ordered and paid.

At a subsequent hearing April 3, 1924, it was, upon stipulation, determined that November 15, 1923, was the end of the healing period and that the permanent disability is seventy-five per cent. of the loss of the leg at the knee. It was also ordered that appellant shall further pay for the doctor, hospital, and medical bills incurred as a result of the operation on the heel in June, 1923, amounting to $587, together with an attorney fee of $100.

The employer and insurance carrier brought an action in the circuit court for Dane county to set aside so much of the award as provided for the two amounts last above mentioned.

The award was confirmed, and from the judgment plaintiff appeals.

The cause was submitted for the appellants on the brief of *Roehr & Steinmetz* of Milwaukee; for the respondent *Industrial Commission* on that of the *Attorney General* and *Mortimer Levitan* and *Suel O. Arnold,* assistant attorneys

general; and for the respondents *Bavle* and *Doe* on the brief of *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* and *Kenneth P. Grubb,* of counsel, all of Milwaukee.

· Eschweiler, J.    The statute involved is as follows:

"Section 102.09. Where liability for compensation . . . exists, the same shall be as provided in the following schedule: '

"(1) Such medical, surgical and hospital treatment, medicines, medical and surgical supplies . . . as may be reasonably required for ninety days immediately following the accident, to cure and relieve from the effects of the injury, and for such additional period of time as in the judgment of the commission will tend to lessen the period of compensation disability, or in the case of permanent total disability for such period of time as the commission may deem advisable, and, in addition thereto, such artificial members as may be reasonably necessary at the end of the healing period, the same to be provided by the employer; and in case of his neglect or refusal reasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in providing the same. . . .

"Failure of the employer to maintain a reasonable number of competent and impartial physicians ready to undertake the treatment of the employee, and to permit the employee to make choice of his attendant from among them, shall constitute neglect and refusal to furnish such attendance and treatment. . . . No compensation shall be payable for the death or disability of an employee, if his death be caused by or in so far as his disability may be aggravated, caused or continued by an unreasonable refusal or neglect to submit to or follow any competent and reasonable surgical treatment," etc.

Appellant's contentions are that the *Commission* was without authority to enter the award here complained of because appellant had maintained the panel of physicians, tendered reasonable treatment, and done all that the law requires; that the operation of June, 1923, was unnecessary; that the condition would have cleared itself in course of

time; and that claimant refused his co-operation in the matter of the brace adjustment and treatments.

No suggestion is here made but that appellant did furnish a panel of competent physicians; was ready and willing to furnish proper appliances for the injured knee; and was ready and willing to continue treatment such as its staff of physicians considered reasonable and proper.

There was a dispute, however, as so often occurs between doctors, as to the real cause of the constant pain which claimant underwent after the injury; one view being that if it was by a nerve filament being caught by scar tissue, that the point of such contact was at the injured knee rather than at the heel, and the pain in the lower leg was therefore a referred one, and that in any event it would disappear in the course of time; and further, that there could have been no such catching in scar tissue at the heel before October, 1922, because there was still an open wound there when then operated upon by appellant's surgeon. On the other hand, it was contended that there was demonstrated by the result that the scar on the heel was the source of the pain and that the operation in June, 1923, was a proper and beneficial one, even though it was, as stated by one of claimant's physicians, "warranted in the forlorn hope that it might relieve."

We believe that there was here presented a question of fact for the *Industrial Commission* to pass upon, and having determined that the operation of June, 1923, was necessary, and it being conceded that appellant refused to consent to or perform it, this amounted in substance to such refusal under the statute as authorized the conclusion and order of the *Commission*. Had the apparent result of the operation been different, the experiment might well have been decided to be at claimant's own risk and expense.

As to whether or not the refusal of the claimant to continue to wear the brace was an unreasonable refusal or neglect on his part under the statute also presented a ques-

Thunder Lake L. Co. v. Industrial Comm. 188 Wis. 418.

tion of fact for the conclusion of the *Commission*, which we cannot disturb. It was conceded that the purpose of the brace was not to relieve the pain under which claimant was suffering, but was 'for the purpose of aiding in the use of the injured leg, and there was testimony to the effect that under such constant pain there could be no satisfactory use of the appliance furnished.

Though under the facts here the result may be seemingly harsh in view of the evident care and attention that was given by appellant's physicians to the claimant, whose re-.covery was much retarded by his unfortunate physical condition prior to the injury and his low vitality, yet in view of one of the evident purposes of the statute involved, viz. the restoring as speedily as possible the partially disabled to a condition in which they can work, we can see no grounds upon which the result reached in the court below can be now disturbed.

*By the Court.*—Judgment affirmed.