Sentinel News Company and another, Appellants, vs. Industrial Commission and another, Respondents.

*January 11—April 7, 1937.*

358

*Harry V. Meissner* of Milwaukee, for the appellants.

*L. A. Tarrell* of Milwaukee (with *Joseph A. Padway* of Milwaukee on the brief on motion for rehearing), for the respondent Justine Van Ermine.

The following opinion was filed February 9, 1937:

ROSENBERRY, C. J. Sec. 102.12, Stats., provides:

". . . Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability, and its relation to the employment, the right to compensation therefor shall be barred."

Sec. 102.17 (1) (a) provides:

". . . The commission may bring in additional parties by service of a copy of the application. The commission shall fix a time for the hearing on such application which shall not be more than forty days after the filing of such application. The commission shall cause notice of such hearing, to be given to each party interested, by service of such

notice on him personally or by mail. . . . Such filing and mailing shall constitute sufficient service, with the same force and effect as if served upon a party located within this state. . . ."

A consideration of the statutes in question leads to the conclusion that the bar of the two-year statute attaches unless an application be filed with the commission within two years, or the person against whom liability is claimed has been made a party within that time pursuant to the provisions of sec. 102.17 (1) (a). The statute is not carefully drawn. It is the contention of the applicant here that if an application be filed against anyone within two years from the date of the injury or death, that other parties may be brought in at any indefinite future time while the application is pending and undisposed of. The statute is quite evidently a statute of repose. The period of time fixed is that within which notice of injury must be served in personal injury cases. Sec. 330.19 (5). If the contention of the applicant is sound, then an application might be filed against John Doe, against whom no liability existed, and five years thereafter the application might be served upon Richard Roe and the statute would not be available to Roe. The provisions of the Workmen's Compensation Act should be liberally construed in favor of the right of compensation, but they must at the same time be reasonably and fairly construed.

It is considered that under the statute when a person is injured under such circumstances as to be entitled to workmen's compensation, the bar of the statute will not attach if the application for compensation is filed with the commission, naming the parties against whom liability is claimed. The statute does not require the commission to serve a notice within two years. It only requires that an application be filed within two years. Service may be had thereafter upon the parties named and the claim will not be barred. In this case no application for compensation was filed as against the Sentinel News Company and its insurance carrier at any time.

While sec. 102.17 (1) (a) does not so provide in terms, a reasonable construction of the statutes which must be construed as in *pari materia* requires us to hold that where a party is brought in by service of application under sec. 102.17 (1) (a), he is thereby made a party to the application, but the effective date is not the date of the application but the date when he becomes a party, that is the date of service. If he is not made a party within two years, no application having been filed against him, the claim is barred as to him.

The Industrial Commission is not a court and it has none of the inherent powers of a court. It has only such power as is conferred upon it by statute. We find no statutory provision which gives the Industrial Commission power to allow amendments as a court might do. No doubt amendments to applications may be made by filing an amended or substitute application. Where such an amended or substitute application is filed within two years, the terms of the statute are complied with. In this case, however, there was no amended application filed. The examiner did not even attempt to allow an amendment. A mere request would in the language of legal procedure be a motion. The motion was neither granted nor denied. Had the examiner acted, so far as we are able to discover, he would have acted beyond any power or authority conferred upon the Industrial Commission by statute. Under the circumstances of this case, the applicant by requesting the notice to be served chose one of two ways of making the appellants parties. However, the notice not having been served within two years, the claim was barred as to them when the notice was served. Counsel for applicant claim that the request having been made, it was the duty of the commission to serve the notice, and that failure of the commission should not be charged against the applicant. That was a risk which the applicant assumed when she elected to have appellants brought in by service of a notice. She did not need to run that risk. It would have been a very

simple matter to have filed an amended or substitute application. While the notice was served only one day late, the principle is the same whether it is one day, one month, or one year late. It was not served within the time required by statute to make the Sentinel News Company and its insurance carrier parties before the claim was barred under the statute.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to set aside the award of the Industrial Commission as against the Sentinel News Company and its insurance carrier.

The following opinion was filed April 7, 1937:

PER CURIAM (*on motion for rehearing*). The defendant Van Ermine moves for a rehearing and calls to our attention the fact that sec. 102.15, Stats., provides that the Industrial Commission "may adopt its own rules of procedure and may change the same from time to time."

The power of the Industrial Commission to prescribe its procedure does not give it power by any rule of procedure it may adopt to amend the statute relating to the time within which a claim must be filed. No doubt the commission under this provision of the statute may make such rules of procedure as are necessary for the orderly conduct of the business that is properly before it. These rules cannot operate to enlarge the time within which claims must be filed nor change the manner in which parties are to be brought before the commission. Motion denied without costs.

The following opinion was filed June 21, 1937:

WICKHEM, J. (*dissenting*). It might very reasonably be contended that sec. 102.12, Stats., is satisfied provided an application is filed within two years even though there has been an error in designating an employer. The Workmen's Compensation Act was for the benefit of persons who usually

have no knowledge of legal procedure and frequently have not benefit of legal advice. It may well be that the legislature contemplated leaving to the commission the responsibility of bringing before it the proper parties, insisting only that the workman arouse its jurisdiction within the two-year period. However, passing this point, it seems to me that where, having filed an application erroneously designating the employer, the applicant brings the correct information to the attention of the commission before the termination of the two-year period, the statute is satisfied, however informal the correction may have been. Such a conclusion seems to me to conform to the literal requirements of the section and to be consistent with its general spirit and purpose.