CONSUMERS COAL & FUEL OIL COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 11—April 7, 1937.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinion was filed February 9, 1937:

FOWLER, J. The facts involved are stipulated. The only question involved is whether the Industrial Commission used the correct basis in computing an award under the Workmen's Compensation Act.

An employee of the company while in the course of his employment "sustained. permanent partial disabilities as follows: Ten per cent loss of the use of the middle finger at the proximal joint; seventy-five per cent loss of use of the index finger at the proximal joint; and twenty per cent loss of the use of the thumb at the proximal joint."

Under these facts the statutes must govern the computation of the award. They provide for compensation to the employee of seventy per cent of the weekly wage received for the number of weeks fixed by schedules incorporated in the statutes in case of "major permanent partial disabilities," sec. 102.52 (a), Stats., and for "minor permanent partial disabilities," sec. 102.54, Stats. They also provide for increased compensation in case of multiple major permanent partial disabilities, sec. 102.52 (a) 16, and in case of multiple

"minor permanent partial disabilities," sec. 102.55 (2). No statute expressly provides for increase in case of "major permanent partial disabilities" by reason of there also being "minor permanent partial disabilities."

Under the statutes cited the injury to the thumb here involved is a "major permanent partial disability;" those to the fingers are "minor permanent partial disabilities." In absence of express statutory authority for making any additional allowance for "major permanent partial disabilities" when accompanied by "minor permanent partial disabilities," the commission has made and applied a rule of its own in such situations. They say that it is plain under the statutes that the legislative intent was to give increased compensation where the same accident causes more than one injury, and as "a statute must be given reasonable construction with a view to effecting its purpose and object" (*Julius v. Druckrey,* 214 Wis. 643, 254 N. W. 358), they have throughout their administration applied a rule of their own in such situations to supplement the rules provided by the statute, and in this case have followed that rule. In other words, as the legislature has enacted no statute expressly applicable to such cases, the commission have in effect created a statute to cover them, and have here applied it. We cannot uphold this method of enacting statutes. If the statutes do not, in the view of the commission, provide sufficient compensation for multiple injuries such as are here involved, the commission should apply to the legislature to establish a measure of compensation instead of themselves establishing a measure and then applying it.

The commission properly considered that the legislature by the statutes involved manifested an intent that an increased allowance should be made in all cases of multiple injuries. This intent warrants an allowance of something in addition to the amount prescribed for a "major permanent partial disability" when in addition thereto there are other injuries,

even though the latter be of a "minor" kind. The total injuries in such case should be treated as "major permanent partial disabilities" for the purpose of applying the rate of increase, and the statutory schedule applicable to multiple "major permanent partial disabilities" should be applied. The computation should be computed according to the rules established by the statutes, not according to rules established by the commission.

Upon this theory compensation should have been computed in the instant case under the schedule for multiple "major permanent partial disabilities." To the injury to the thumb, which is a "major permanent partial disability," should have been added the amount fixed by the statutory schedule for the loss of use of the fingers, and the amount of the two should have been increased as provided in the statutory schedule for multiple "major permanent partial disabilities." The schedule allows for the loss of the middle finger at the proximal joint (sec. 102.54, 7) twenty-five weeks, and for the loss of the index finger at that joint (sec. 102.54, 3) thirty-five weeks. But the losses in the instant case are stipulated at ten per cent for the middle and seventy-five per cent for the index fingers. Thus, for loss of the use of the middle finger we have ten per cent of twenty-four weeks, or 2.50 weeks, and for the index finger seventy-five per cent of thirty-five weeks, or 26.25, and for loss of both the sum of 2.5 weeks and 26.75 weeks, or 28.75 weeks.

The allowance for loss of the thumb at the proximal joint by the statutory schedule (sec. 102.52 (a) 5) is one hundred weeks. The stipulated loss in the instant case is twenty per cent of that amount, or twenty weeks. Adding to this the loss for the two fingers, gives twenty weeks plus 28.75 weeks, or 48.75 weeks. Adding to this the twenty per cent allowed for multiple "major permanent partial disabilities," gives 48.75 plus 9.75, or 58.50 weeks. The weekly wage in the

instant case was $30. The award should be seventy per cent of this wage for the number of weeks next above stated.

The method of computation applied by the commission differed from that above indicated. They assumed, without any statutory authority therefor, that the loss of the middle finger at the proximal joint was twenty-seven per cent and that of the index finger at that joint was forty-two per cent of the loss of all the fingers, where the thumb and palm remain, and that as the statute, sec. 102.52 (a) 7, allows one hundred forty weeks for the latter loss, the loss sustained by injury to the fingers in the instant case was, for the middle finger, .10 times .27, or .027 of one hundred forty weeks, and for the index finger, .75 times .42, or .315 of one hundred forty weeks, and for both .342 of one hundred forty weeks, or 47.88 weeks. They then added to this number of weeks twenty weeks for loss of the thumb at the proximal joint by sec. 102.52 (a) 5, Stats., plus the twenty per cent of additional allowance for a multiple "major permanent partial disability," sec. 102.52 (a) 16, or four weeks, which gave 47.88 weeks plus twenty-four weeks, or 71.88 weeks. We perceive no authority for the method of computation employed by the commission, and must hold it erroneous.

*By the Court.*—The judgment of the circuit court is reversed, with direction to vacate the award of the commission and remand the record to the commission for computation of the award in accordance with this opinion.

The following opinion was filed April 7, 1937:

FOWLER, J. (*on motion for rehearing*). The appellants claim on motion for rehearing that the court inadvertently made two errors in the computation included in its opinion.

(1) That we failed to take into consideration the part of sec. 102.55 (5), Stats., which provides that in making com-

putations "the *permanent disability* period for injuries named in the schedule in sec. 102.54 [which relates to minor permanent partial disabilities] shall be taken at eighty per cent thereof." The only computation involved is that for "permanent disability."

(2) That we improperly included in the twenty per cent increase allowed for "multiple major partial disabilities" the injuries to the fingers.

(2) We advisedly allowed twenty per cent additional for the injuries to the fingers as well as for the injury to the thumb. The twenty per cent is allowed by the statute in cases of "multiple major partial disabilities." Had there been two of the major partial permanent disabilities named in the schedule of disabilities, instead of one major and two minor such disabilities, the twenty per cent would have been added for each such major injury, or for the sum of the two. The minor injuries to the fingers were considered as major in order to make up the major partial permanent disabilities for which allowance was made. Being so considered, the twenty per cent increase should be added to them as well as to major injury to the thumb.

(1) Having included the injuries to the fingers to make up the "multiple major partial permanent disabilities" for which the twenty per cent additional was allowed, they are considered as major rather than minor disabilities, and the statute applicable to "minor partial permanent disabilities" does not apply in computing the allowance for the multiple injuries.

The motion for rehearing is denied, without costs.