WASIELEWSKI, Respondent, vs. RACKE, Trustee, and others, Appellants.

*April 9—June 17, 1937.*

For the appellants there was a brief by *Bruce B. Walczak,* and *George B. Skogmo,* attorneys, and *Louis S. Wiener* of counsel, all of Milwaukee, and oral argument by *Mr. Skogmo.*

*Thaddeus F. B. Wasielewski,* attorney, and *Casimir Gonski* of counsel, both of Milwaukee, for the respondent.

The following opinion was filed April 27, 1937:

WICKHEM, J. On October 14, 1925, the defendants Walczak owned certain real estate in Milwaukee county. On that date the defendants executed to Ignatz Czerwinski, as trustee, a trust mortgage in the sum of $60,000 to secure the payment of a bond issue consisting of one hundred eighty bonds in ten series, each series having a different due date, and so arranged that one series fell due each year beginning October 14, 1926. Stanislawa Walczak died June 18, 1929. On or about that date, Szczepan Walczak conveyed the premises to defendant Milwaukee Lumber Company. On October 14, 1931, plaintiff owned four bonds at $500 each belonging to series "6," and maturing on October 14, 1931. On this date, the ten bonds of this series aggregating $5,000 in principal became due. The mortgagors, evidently not being able fully to meet these maturities, paid to the trustee the sum of $2,500 to be applied upon the principal and an additional sum of $1,137.50 for interest. At the time of this payment, the trustee did not have possession of plaintiff's bonds. He paid out $1,600 of the $2,500 to bondholders other than plaintiff, leaving a balance of $900 unaccounted for. The trustee died February 12, 1932, and defendant Racke was appointed successor trustee on July 8, 1933. Plaintiff made demand for payment of the bond upon the successor trustee and pursuant to a stipulation received from defendants $1,100, leaving a balance of $900, plus interest from October 14, 1931. All of plaintiff's interest coupons have been paid. All the bonds of series "6" have been paid

in full except those held by plaintiff, and the successor trustee has paid in full the series maturing subsequent to the due date of bonds held by plaintiff. The sole dispute relates to the sum of $900 converted by the trustee on October 14, 1931.

Plaintiff contends that Czerwinski was the agent of the mortgagor and that the latter is liable for any defalcations made by him. Defendants claim that the trustee was the agent of the bondholders and that the mortgagor is fully discharged as to all sums paid to the trustee for application to the principal of the bonds. The bond contains the following provision:

". . . This bond is redeemable after two (2) years from date hereof, at the option of the undersigned on any interest day at a premium of one (1) per centum of the face value thereof and accrued interest, providing a thirty-day notice in writing is given to said trustee to that effect, but subject to said option of prepayment this bond to mature and be paid in the manner provided in the deed of trust above referred to, of which this bond and the rights of holder or registered owner, are subject, and to which, by the receipt hereof, the holder or registered owner assents."

The trust deed contains the following provisions:

"Provided always that if the mortgagors shall . . . pay or cause to be paid the whole amount of the principal and moneys and interest due on all such bonds and coupons hereby secured and then outstanding or shall provide for such payment by depositing with the trustee as hereinafter provided, for the payment of such bonds and coupons, the entire amount due thereon for principal and interest and shall pay or cause to be paid all of the sums agreed to be paid by the mortgagors hereunder and shall . . . keep and perform all the agreements, covenants and conditions herein required to be kept . . . and this conveyance be null and void and the trustee in such case, upon demand of the mortgagors . . . shall reconvey said property to the mortgagors and deliver to the mortgagors a satisfaction hereof. . . ."

"If any of the bonds or coupons secured hereby shall not be presented for payment when due, and shall be outstanding, unpresented and the mortgagors shall deposit with the trustee for the benefit of the holders of such outstanding overdue bonds and coupons, the full sum required to liquidate and discharge all such outstanding and overdue bonds and coupons according to this instrument, the mortgagors shall be entitled to have this indenture released in like manner as if full payment of said bonds and coupons had been made to the holder or holders thereof, and said bonds and coupons had been canceled, provided all other requirements of this indenture are fulfilled by the mortgagors."

It is plaintiff's contention that by its terms the bond is negotiable under the doctrine of *Pollard v. Tobin,* 211 Wis. 405, 247 N. W. 453, for the reason that there is no clause expressly incorporating into the bond the provisions of the trust deed, and that the provisions above quoted are merely a reference to or description of the security. On the other hand, defendants claim that the bond is nonnegotiable under the doctrine of *Will of Church,* 221 Wis. 472, 266 N. W. 210, and *Oster v. Buildings Development Co.* 213 Wis. 481, 252 N. W. 168, for the reason that it is expressed to be subject to the trust deed. Assuming it to be established that plaintiff is subject to all of the provisions of the trust deed. defendant then claims that the portions of the trust deed above quoted conclusively establish the agency of the trustee for the bondholders for the reason that both clauses provide that the mortgagor is entitled to a release upon depositing with the trustee the full sum due for interest and principal. We deem it unnecessary to determine whether defendants' contention with respect to the negotiability of the bonds is sound or not. Making the assumptions most favorable to the defendants, which are, (1) that the bonds are nonnegotiable; (2) that plaintiff is affected by the conditions in the trust deed as though they were expressly set forth in the bonds; and (3) that a payment to the trustee by the mortgagor of the entire sum due would entitle the mortgagor to

a release under the doctrine of the *Church Case, supra,* there is an insuperable obstacle to defendants' success in this action. The trust deed very carefully prescribes the conditions under which the trustee shall be the agent of the bondholders to receive payment and defines the scope of that agency. It is only when the full sum due at any given time for interest or principal, or both, is deposited with the trustee that the mortgagor is entitled to a release. The trust deed does not contemplate the deposit with the trustee of a sum less than the entire principal and the interest due at a given time, and there is no provision addressed to such a situation. The mortgagor can find in the trust deed no authority for intrusting such a partial payment to the trustee at the risk of the bondholder. The trustee is an agent to receive full payment only. It is impossible to construct out of this relation with its carefully defined incidents and scope an agency to receive part payments on account or behalf of the bondholder. See *Curkeet v. Steinhoff,* 130 Wis. 146, 109 N. W. 975. Hence, whatever merit there may be to the contentions of defendants with respect to the character of the bonds, it must be held that the payment of October 14, 1931, was not made to the trustee as agent for the bondholders.

Defendants' next contention is based upon the following provisions of the trust deed:

"No holder or holders of any bonds or coupons secured hereby shall have the right to institute any suit, action or legal proceedings for the appointment of a receiver, the foreclosure of this indenture or for the purpose of enforcing any covenants or remedy herein contained, except in the case of failure or refusal of the trustee to perform any duty, imposed upon him by this indenture in respect to any suit, action or proceedings after the written notice or demand upon him by the holder or holders of a majority in amount of all the bonds and coupons then outstanding, but any inaction by said trustee after any such request or demand shall not be deemed a failure or refusal to act thereon until after the expiration of a reasonable time not to exceed thirty days for

the consideration thereof by the trustee; it being the intention that no one or more of the holders of the bonds or coupons shall have any right in any manner whatsoever to affect, disturb or prejudice the lien of this indenture by his or their action, or to enforce any right hereunder, except in the manner herein provided, and that all legal proceedings hereunder shall be instituted at and maintained for the equal benefit of all holders of the outstanding bonds and coupons secured hereby. . . ."

It is claimed that there is no evidence that plaintiff has satisfied the conditions above set forth and that consequently she shows no right to maintain this action. Being the owner of all of the outstanding bonds, plaintiff was in a position to demand action by the trustee and, in the event of his failure to act, was authorized by the terms of the trust deed to sue upon her bonds. Since plaintiff's bonds are the only ones now outstanding, there is no longer any possibility that by individual action she will prejudice the rights of other bondholders. All that remains is the failure of the record to show a demand upon the trustee to act and his failure or refusal to do so. The ownership of that portion of the debt represented by plaintiff's bonds is concededly in plaintiff, subject to the disabilities to sue thereon created by the trust deed for the benefit of the other outstanding bondholders and to be removed only upon the discharge of specified conditions. Defendants' objection, therefore, goes to plaintiff's capacity to sue and not to the existence of a cause of action. It was raised neither by demurrer nor answer, and under the provisions of sec. 263.12, Stats., it has been waived.

*By the Court.*—Judgment affirmed.

The following memorandum was filed June 21, 1937:

WICKHEM, J. (*on motion for rehearing*). Counsel for defendants call attention to an inaccuracy in the opinion of the court. It was there assumed that all outstanding bonds

except those of plaintiff had been fully paid, whereas the fact is that at the time plaintiff's action was commenced bonds were outstanding in the sum of several thousand dollars, none of which, with the exception of plaintiff's, had matured at that time, so far as we can ascertain from the record. It is the conclusion of the court that the error is not effective to change the view of the court with respect to plaintiff's right to sue. We adhere to the conclusion that the disability imposed upon bondholders by the trust deed goes to their capacity to sue, and that this objection must be taken by demurrer or answer. If not, it is considered to be waived. The trustee, who it is claimed is the only person having present capacity to sue, was a party defendant, and the court had before it all the parties necessary to a complete determination of the controversy.

*By the Court.*—Motion for rehearing denied, with $25 costs.