EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 11—February 7, 1939.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Arthur Larson* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Douglas county and Trustees Middle River Sanatorium there was a brief by *Thomas W. Foley,*

district attorney, and oral argument by *James C. McKay*, assistant district attorney.

For the respondent Maryland Casualty Company there was a brief by *James E. Coleman*, attorney, and *John S. Barry* of counsel, both of Milwaukee, and oral argument by *Mr. Barry*.

FOWLER, J. From the statement of facts preceding the opinion in the companion case of *Maryland Casualty Co. v. Industrial Comm., ante*, p. 363, 284 N. W. 36, it appears that the appellant, Employers Mutual Liability Insurance Company appealed from a judgment of the circuit court for Dane county affirming the portion of an interlocutory award of the Industrial Commission dismissing its petition before the commission so far as it asked the commission to order Douglas county or the Maryland Casualty Company to reimburse it for payments aggregating $2,610.22 it had made pursuant to an interlocutory award of the commission requiring it to pay until further order of the commission the loss of wages to Miss Forness, a maid in a tuberculosis sanatorium operated by Douglas county. The commission originally mistakenly found that the Employers Mutual Company was the insurer of Douglas county at the time Miss Forness became afflicted with tuberculosis. The Maryland Casualty Company was in fact the insurer of the county at that time.

The only question here involved is whether the Industrial Commission has power to try an equitable issue of right to reimbursement for money paid under mistake of fact. Both the commission and the circuit court held that the commission was without such power, resting their conclusion on the proposition that the commission has no powers beyond those conferred by the Workmen's Compensation Act, and that the power to determine such a question is not so conferred. That the powers of the commission are limited as stated has been many times held. *Brunette v. Brunette,* 171 Wis. 366, 177 N. W. 593; *Wisconsin Mut. Liability Co. v. Industrial*

*Comm.* 190 Wis. 598, 209 N. W. 697; *Sentinel News Co. v. Industrial Comm.* 224 Wis. 355, 271 N. W. 413, 272 N. W. 463.

The appellant by taking the Workmen's Compensation Act and going through it section by section cites several sections which it in effect contends imply that the commission has power to determine any controversy whatsoever that may arise between parties in interest respecting liability for compensation, even though the controversy be as to liability of one insurance carrier to another by reason of payments made by one that the other was liable for. We do not set out these sections because it seems to us manifest that they do not support the appellant's contention. Whether the appellant is entitled to reimbursement from the Maryland Casualty Company of the moneys it has paid to Miss Forness pursuant to the first interlocutory award is purely a question of law that can only be decided by a court upon equitable considerations involved when a payment of money is made by one through mistake of fact when such payment operates to discharge an obligation imposed upon another by statute under the facts existing. The Industrial Commission is not a court. Judicial power can only be conferred under the state constitution, sec. 2, art. VII, upon courts. The question involved under this section of the constitution has been so recently discussed in *Holland v. Cedar Grove, ante,* p. 177, 282 N. W. 111, 282 N. W. 448, that there is no need to say anything further here. This court, having appellate jurisdiction only, except in exceptional cases not here involved, sec. 3, art. VII, state constitution, has no jurisdiction to determine the question of liability of the Maryland Casualty Company to the Employers Mutual Company unless it be brought before it after it has been determined by a court of original jurisdiction.

*By the Court.*—The judgment of the circuit court is affirmed.