STATE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 8, 1939—January 16, 1940.*

462

For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Harvey C. Hartwig* of Milwaukee, for the respondent Industrial Commission.

For the respondent Rollin B. Bernau there was a brief by *Bloodgood, Kemper & Passmore,* attorneys, and *Charles H. Galin* of counsel, all of Milwaukee, and oral argument by *Mr. Galin.*

FAIRCHILD, J. This action is brought to set aside what is claimed to be an award of the Industrial Commission and the

appeal is from a judgment of the circuit court so declaring and confirming it. The fault pointed out is that the findings and order are those of an examiner which have not become the findings and order of the commission as a body, and that there has been no determination of the rights of the parties as is provided by sec. 102.18 (3), Stats. That statute provides that the findings or order of an examiner, if no petition for review is filed within twenty days, "shall be considered the findings or order of the Industrial Commission as a body, unless set aside, reversed or modified by such . . . examiner within such time." But if a petition for review is filed, as was done in this case, then there comes into play the provision that "within ten days after the filing of such petition with the commission the commission shall either affirm, reverse, set aside, or modify such findings or order in whole or in part, or direct the taking of additional testimony."

When the state's petition for review came to the commission there were but two members in office. They divided so as to effectively offset each other and no action to affirm, reverse, or direct the taking of additional testimony could result. We have a situation where there has been an application to review the findings and award of the examiner and no legal action taken thereon.

The underlying question to be decided is whether the statute allows the Industrial Commission to act except by the accord of at least two of its members. If the alleged findings and order have no force or effect, it is because the order of the examiner never became final by reason of the petition to review. The argument in the court below, based on an analogy of the practice of allowing a lower court's decision to stand on appeal when an appellate court is equally divided, was accepted as showing a course to be followed. But as pointed out in the brief of the attorney general, that rule must presuppose an authoritative determination by a tribunal, whose decision is appealed from, which has inherent

power to decide. Under the statutes authorizing the examiner to act to the extent provided, there is no provision that the findings and order of the examiner shall be authoritative or binding unless acquiesced in, acquiescence being shown by failure of either party to question the order and to ask for review. When review is asked, the findings and order can become effective only when supported by the findings of fact by the commission and order made thereon by such commission as a body. The commission in reviewing findings and order of an examiner does not act as an appellate body but under its powers in an original proceeding. The commission is to make its own determination. If the commission decides to hear additional testimony it may do so. The petition to review under the statute transfers to the commission as a body the duty of passing upon the merits of the case. *Pocahontas Mining Co. v. Industrial Comm.* 301 Ill. 462, 134 N. E. 160. Sec. 102.18 (3), Stats., requires commission action whenever a petition to review is filed. We are of the opinion that no final decision, under the circumstances presented, comes into existence where the commission is under the duty of acting as a body until two or more of the members thereof have reached a common conclusion on the matter to be decided. Sec. 101.03 provides:

"A majority of said commissioners shall constitute a quorum to transact business. No vacancy shall impair the right of the remaining commissioners to exercise all the powers of the commission."

Since the two sitting commissioners could not agree, no action was taken and the petition to review is still before the commission awaiting its action.

The Industrial Commission appears to have adopted the following rule denominated Rule 19–2–a: "If the commission shall fail to take action within ten days, the order shall be deemed to be that of the entire commission as a body." The commission may adopt its own rules of procedure as a

matter of practical administrative proceedings as a help in facilitating the mechanics of the commission in working out results, but it cannot enact substantive law. Certainly the commission could not by the adoption of that rule overcome the positive provision of sec. 102.18 (3), Stats., which expressly requires the commission to take action. *Sentinel News Co. v. Industrial Comm.* 224 Wis. 355, 271 N. W. 413, 272 N. W. 463, 273 N. W. 819.

The disposition of the matter must rest with the commission. More than ten days have elapsed since the filing of the petition for review but this does not materially affect the matter. The commission is still functioning and a full membership has the duty and power to consider the petition for review. The failure of the commission to act within ten days is not jurisdictional. It is merely the violation of a directory provision. As said in *Milwaukee County v. Industrial Comm.* 224 Wis. 302, 307, 272 N. W. 46, "Certainly the statute in its present form contains no express description of the consequences of delay beyond ten days." The neglect of the commission to act within the ten days may furnish occasion for complaint, but as a rule a statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation. *State ex rel. Wight v. Park City School Dist. No. 12 of Summit County,* 43 Utah, 61, 133 Pac. 128; *Hudgins v. Mooresville Consolidated School District,* 312 Mo. 1, 278 S. W. 769, 770. Certainly no words of positive prohibition exist here. There is no substantial reason why the reviewing by the commission required by statute may not as well be done now, for "when there is no substantial reason why the thing by statute required to be done might not as well be done after the time prescribed as before; no presumption that by allowing it to be so done it may work an injury or

wrong; nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not done at all,— the courts will deem the statute directory merely." *Appleton v. Outagamie County,* 197 Wis. 4, 9, 10, 220 N. W. 393.

*By the Court.*—Judgment reversed, and cause remanded with directions to return the record to the Industrial Commission for action on the findings and order of the examiner.