Levy, Guardian, Appellant, vs. Industrial Commission and another, Respondents.

*April 12—May 7, 1940.*

For the appellant there was a brief by *Charles Swidler,* and oral argument by *Mr. Swidler* and *Mr. Jacob S. Rothstein,* both of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents the Journal Company and Employers Mutual Liability Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Edward H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

NELSON, J. Before considering the contentions of the plaintiff, it may be stated that on February 8, 1936, Harold Lentzke, who was then not incompetent, was severely injured under circumstances which entitled him to medical, surgical, and hospital treatment, and to compensation. He recovered from all of the injuries sustained by him except those resulting from a brain concussion. Following his injury, he was furnished extended treatment in two hospitals, four sanatoriums and at the Mayo clinic, for the purpose of curing and relieving him from the effects of his injury. He was also paid compensation. An action which had been commenced against a third party was settled for $30,000. Following that settlement, the parties to this controversy entered into a written compromise agreement in which the relevant facts were stipulated. Upon that agreement the commission ordered the Journal Company, and its insurer, to pay to the

guardian of the applicant, within ten days, the sum of $383.11, and monthly thereafter the sum of $91 until the further sum of $17,766 shall have been so paid, and the commission further ordered the said companies to "supply to the applicant such medical, surgical and hospital treatment, medicines, medical and surgical supplies, etc., as may be reasonably required to cure and relieve from the effects of the injury, not to exceed the period for which indemnity is payable." In reciting the stipulated facts, it was stated "that additional medical, surgical and hospital treatment will be necessary for an indefinite period." That recited finding was objected to by the respondents because not justified by the stipulation. The commission thereupon amended its order on January 5, 1939. The objectionable recitation was deleted by an order dated January 23, 1939, and the order modified as follows:

"That the commission reserves the right to find liability for further medical, surgical and hospital treatment and for all benefits provided by sec. 102.42 (1), Stats., following November 30, 1938."

Shortly after the modified order was made, the respondents gave notice that they would no longer pay for the treatment of the applicant at Rogers Memorial Sanitarium which was charging the applicant $40 per week, $25 of which the respondents had theretofore paid for some time. The commission thereafter, on its own motion, noticed a hearing to be held on February 21, 1939, to consider:

"The question of liability for further medical, surgical and hospital treatment."

The hearing, which was quite informal, was directed to what, under the circumstances, constituted reasonable treatment. The parties conceded that upon all available medical information, the applicant was permanently disabled in that he was incurably insane. The respondents' position was that $10.50 per week was a reasonable allowance for medical and hospital treatment since suitable treatment for pay patients

could be obtained for that amount at the Milwaukee County Hospital for Medical Diseases. The guardian's position, which doubtless reflected the feelings of the applicant's mother and those of herself as a sister of the applicant, was that applicant should not be subjected to treatment at a charitable institution.

The guardian contends: That sec. 102.42 (1), Stats., requires an employer to furnish an injured employee medical and hospital treatment necessarily required to cure and relieve him; that there is no provision in the statute which empowers the commission to limit the liability of the employer for such medical and hospital treatment; and that the applicant will be entitled to such treatment as is reasonably required to cure and relieve him from the effects of his injury for a period of approximately twenty years. The guardian's particular grievance seems to be based upon the assumption that the order of the commission complained of was a final order rather than an interlocutory one, or one of that nature. It is argued by the guardian that during the next twenty years changes may take place which will result in great injustice to the applicant in case reasonable treatment cannot be obtained for $10.50 per week or in case a new treatment may be discovered by the medical profession for the treatment and cure of those who have become insane as a result of brain concussions. The commission contends that the order, reasonably construed, was an interlocutory order determining only the reasonableness of the medical and hospital bills prior to the date of the hearing and subsequent to January 9, 1939, when the defendant gave notice that it would no longer pay for the hospitalization of the applicant at Rogers Memorial Sanitarium. The defendants, Journal Company and insurance company, likewise contend that the order complained of was not a final order. The circuit court concluded that the order was not a final one and does not preclude the commission from approving in the future as reasonable different

expenses for such medical and hospital treatment as it may deem advisable.

While the order complained of is not denominated either a final or an interlocutory order, we think it clear that it was intended to be only an interlocutory order which determined the reasonableness of the hospital bills theretofore incurred by the guardian after January 9th, and prior to the date of the order, and that such order, to the effect, that the Journal Company and the insurance company were not obliged to pay more than $10.50 per week for hospital treatment, was nothing more than a determination as of that time of what the commission considered to be a reasonable allowance for applicant's medical and hospital bills, under all of the circumstances then existing. See sec. 102.16 (2), Stats. 1935. In our opinion, the order complained of was not a final order and in no sense limits or precludes the commission from determining in the future the reasonableness of medical and hospital bills.

The commission, of course, has only such authority as is granted by statute. *Sentinel News Co. v. Industrial Comm.* 224 Wis. 355, 271 N. W. 413, 272 N. W. 463, 273 N. W. 819; *State v. Industrial Comm.* 233 Wis. 461, 289 N. W. 769. It has twice been held that the Industrial Commission has no jurisdiction to enter an order *requiring* an employer to offer to the applicant medical, surgical, and hospital treatment, but has jurisdiction to determine any dispute or controversy arising under the compensation act and has jurisdiction to pass upon the reasonableness of medical and hospital bills in case of dispute. *Belle City M. I. Co. v. Industrial Comm.* 180 Wis. 344, 192 N. W. 1010; *Chain Belt Co. v. Industrial Comm.* 188 Wis. 414, 206 N. W. 209. This established law, as to the jurisdiction of the Industrial Commission, militates, it seems to us, against the conclusion that the commission intended to make a final order applicable to the future.

It is doubtful if sec. 102.42 (1), Stats. 1935, can be construed to mean that the employer shall, throughout a period for which compensation is payable, supply such medical, surgical, and hospital treatment as may be reasonably required to cure and relieve from the effects of the injury. That statute, in part, provided:

"The employer shall supply such medical, surgical and hospital treatment . . . as may be reasonably required for ninety days immediately following the injury to cure and relieve from the effects of the injury, and for such additional period of time as in the judgment of the commission will tend to lessen the period of compensation disability, or in the case of permanent total disability for such period of time as the commission may deem advisable, not to exceed the period for which indemnity is payable, and in case of his neglect or refusal seasonably to do so, the employer shall be liable for the reasonable expense incurred by or on behalf of the employee in providing the same."

It seems clear that the legislature had in mind three different periods of time during which medical and hospital treatment should or might be required to be furnished. The first period under that statute is a ninety-day period immediately following an injury during which the employer should supply such medical, surgical, and hospital treatment as may be reasonably required to cure and relieve from the effects of the injury. The second period is beyond the ninety days during which the employer is required to furnish medical, surgical, and hospital treatment for such period of time as in the judgment of the commission will tend to lessen the period of compensation disability. The third period is that in which permanent total disability exists, and during such period the employer shall supply such treatment as the commission may deem advisable, not to exceed the period for which indemnity is payable.

It is held that the order in question is an interlocutory, not a final order, and is supported by the evidence.

*By the Court.*—Judgment affirmed.