BAKEN, Respondent, vs. VANDERWALL, Director of the State Conservation Commission, Appellant.

*February 17—March 14, 1944.*

148

For the appellant there was a brief by the *Attorney General, Warren H. Resh,* assistant attorney general, *A. H. Smith,* counsel for the state conservation commission, attorneys, and *Wm. J. P. Aberg* of Madison of counsel, and oral argument by *Mr. Resh* and *Mr. Smith.*

For the respondent there was a brief by *Rieser & Mathys* of Madison, and oral argument by *C. G. Mathys.*

BARLOW, J.   Respondent's motion to dismiss the appeal for the reason that it had not been authorized by the state conservation commission of Wisconsin is denied, as sec. 23.09 (6), Stats., provides that the conservation director shall be the administrative head of the conservation department and shall exercise the powers of the commission in the interim of its meetings.   The commission had authority to order this appeal and the director had the same authority between meetings of the commission.   It also appears that the commission approved the appeal after it had been ordered by the director.

Respondent seeks to recover compensation for the period that he was not on the pay roll, under the provisions of sec. 16.24 (3), Stats., which provides that any employee who shall have been removed and is reinstated by order of the board or any court of review shall be entitled to compensation therefor from the date of his unlawful removal.   Respondent relies upon the action of the board reinstating him under date of October 6, 1942.   Appellant contends that the decision of the board made August 4, 1942, was final, and that it had no authority to grant a rehearing and that its action of October 6, 1942, was unlawful and of no effect.   It is considered that the position of the appellant is sound.   Ch. 16 of the statutes, providing civil-service status for state employees, provides that it shall be administered by the bureau of personnel and creates as an arm of this bureau a personnel board.   Sec. 16.24, Stats.,

and subdivisions thereof provide for the procedure for removal of employees who have a permanent status, whereby the employee has a right of appeal to the personnel board from the action of the employing department. Respondent, as a permanent employee, exercised this privilege and appealed to the board. Sec. 16.24 (1), Stats. 1941, provided that within sixty days after date of appeal the board shall hold a public hearing thereon, and par. (a) of the same section provided that after public hearing the board "shall either sustain the action of the appointing officer, or shall reinstate the employee fully."

In the instant case the board held the public hearing and sustained the action of the employing department on August 4, 1942, and dismissed the appeal. It later attempted to grant a rehearing. We are unable to find where it had such power. The powers of the board are fixed by statute and are limited in authority as defined by the statute creating it. This frequently has been held to be the rule as to commissions and bureaus. *Brunette v. Brunette* (1920), 171 Wis. 366, 177 N. W. 593; *Wisconsin Mut. Liability Co. v. Industrial Comm.* (1926) 190 Wis. 598, 209 N. W. 697; *Sentinel News Co. v. Industrial Comm.* (1937) 224 Wis. 355, 271 N. W. 413, 272 N. W. 463, 273 N. W. 819; *Employers Mut. L. Ins. Co. v. Industrial Comm.* (1939) 230 Wis. 374, 284 N. W. 40; *Butte A. & P. R. Co. v. United States* (1933), 290 U. S. 127, 54 Sup. Ct. 108, 78 L. Ed. 222. There is no provision of the statute authorizing a rehearing or reconsideration of a matter that once has been determined. This does not mean that the board cannot adjourn a hearing from time to time, but the statute provides that after a public hearing before the board "the board shall either sustain the action of the appointing officer, or shall reinstate the employee fully." It is reasonable to conclude that the board should not have the unlimited right to grant a rehearing. In state service all departments and commissions are allowed a budget by the legislature, from

which they must operate. They require a certain number of employees to perform specific services. Their funds are limited to the amount allowed in the budget, and they necessarily are clothed with the authority to discharge an employee for cause. This means that another person must be employed to perform the services. It is very proper that the employee should have an opportunity to be heard on the question of whether the facts warrant the action of the employer, but this should be determined within a reasonable time. Frequently it depends upon the judgment of the board upon a given statement of facts. Personnel of the board changes, as the members are appointed for a definite term. If the board has the implied power to grant one rehearing it may necessarily follow that any number of rehearings could be granted. In this way the employing agency would have no way to determine when an employee is finally discharged, and an employee likewise would never be able to determine whether he was finally and wholly reinstated. The employing agency may find at any time that it is required to furnish proof which justified the removal of an employee where all members of the board or commission who discharged the employee are out of state service and not available to provide the information. It could create a chaotic condition. In *Berg v. Seaman* (1937), 224 Wis. 263, 267, 271 N. W. 924, where the personnel board, under sec. 16.24, Stats., attempted to reinstate a discharged employee to a position in state service other than the one which he formerly held, this court said:

"Power so to disrupt the service of a state institution by the bureau of personnel is nowhere expressly given by the statutes, and cannot be implied."

To hold that the board has the implied authority to grant rehearings is to give it the power to disrupt state institutions. It is considered that the statute creating the personnel board and specifying its duties does not authorize the board to grant

a rehearing where the matter has been fully determined and the appeal dismissed.

Other questions presented have been carefully considered, but we are unable to find where they change the conclusion reached in this case.

*By the Court.*—Judgment reversed, and cause remanded with directions to quash the writ of *mandamus* and dismiss the proceedings.