LANGE CANNING COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*February 16—May 6, 1924.*

*Workmen's compensation: Independent contractor: Termination of relation: Evidence: Temporary award: Payment as waiver of right to appeal from final award.*

1. If a person operating a boarding house was an independent contractor of a canning company, his relation with the company terminated when he had severed his connection and had removed most of his belongings from the premises; and in such case the company was not liable under sec. 2394—6, Stats., for compensation to one of the employees of the

keeper of the boarding house who was injured when a horse ran away with the buggy in which the employee was seated preparatory to leaving.    p. 587.

2. The voluntary payment of a temporary award without appealing therefrom, under sec. 2394—19, Stats., will not preclude an action to review a second and final award, though both awards were based on the same findings of fact.    The statute expressly authorizes an action to review either the interlocutory or final award, and the payment of the one does not affect the right to a review of the other, though both be based on the same findings of fact.    p. 588.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Reversed*.

The *Lange Canning Company* operates a canning factory in Eau Claire and is also engaged in farming.    On May 15, 1919, it owned, among others, what is known as the "Fowler Farm," situated about four miles from the city of Eau Claire.    Upon this farm the *Canning Company* employed from eight to fourteen men during the summertime. The men slept in a bunk house.    Their meals were prepared in another house maintained by the company on the farm. It had been the custom of the company to give to some one the privilege of operating this house as a boarding house. It gave the use of the house without charging any rent and arranged for the price to be charged for board.    It issued to the men meal-coupon books, charging them therefor, and when these coupons were turned in by the boarding-house keeper it paid for the coupons out of the money it had deducted from the men's wages for that purpose.    The boarding-house keepers paid their own bills, including their help, retaining all profits and standing all losses.

In the spring of 1919 one Fred Smith and his wife had this boarding-house privilege.    Mr. Smith worked on the farm and Mrs. Smith ran the boarding house.    *Mrs. Rebecca Smith* was in the employ of Mrs. Fred Smith to help at the boarding house.    She had worked in this boarding house, in the spring and summer months, for five seasons.    The Smiths had had this boarding privilege for about three and one-half years.

On May 15, 1919, the arrangement with the Smiths terminated, breakfast being the last meal they were to serve under it. Other people succeeded to their privilege and would serve the noon meal. Smith took most of their belongings with him on a truck and went to town, leaving his wife and baby and *Mrs. Rebecca Smith* to follow with a horse and buggy owned by him. This concluded their work on the farm and terminated their relations with the *Lange Company*. Mrs. Fred Smith hitched the horse to the buggy and directed *Mrs. Rebecca Smith* to get into the buggy, which she did. Before Mrs. Fred Smith got into the buggy the horse ran away, throwing *Mrs. Rebecca Smith* out, causing her injuries and disabilities.

Upon her application to the *Industrial Commission* for an award against the *Lange Company* under the compensation act, the *Commission,* on the 11th day of December, 1919, made findings of fact wherein it was found that *Mrs. Rebecca Smith* sustained injuries while in the employ of a contractor under the *Lange Canning Company* and performed services growing out of and incidental to her employment, and made a temporary award in favor of *Mrs. Smith* and against the *Lange Canning Company* in the sum of $95.15. No appeal was taken from this temporary award, which was paid by the *Lange Canning Company*. Upon a subsequent hearing, and on the 23d of June, 1922, a further award of $1,099.01 in favor of *Mrs. Smith* and against the *Lange Canning Company* was made by the *Industrial Commission*. This action was brought in the circuit court for Dane county to set aside such award. By the judgment of that court the award of the *Industrial Commission* was set aside, with directions that the record be remanded to the *Industrial Commission* for further hearing to establish the extent of disability and the amount of compensation to which the applicant is entitled. From that judgment the *Lange Canning Company* brings this appeal.

For the appellant there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *A. W. MacLeod*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman* of Milwaukee, special counsel, and oral argument by *Mr. Gilman.*

For the respondent *London Guarantee & Accident Company* there was a brief by *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, and oral argument by *Byron H. Stebbins.*

The following opinion was filed March 11, 1924:

Owen, J. The liability of the appellant is predicated upon the provisions of sec. 2394—6, Stats., which makes an employer, subject to the provisions of the compensation act, liable for compensation to an employee of a contractor or subcontractor under him who is not subject to the act. The contention is that Smith was an independent contractor of the *Lange Canning Company* at the time the injuries were sustained. If such relation existed at the time the injuries were sustained, the appellant is clearly liable under the provisions of the statute referred to. But that he was at any time a contractor of the *Lange Canning Company* is not clear. He was conducting an independent business on premises owned by the *Lange Canning Company* which he occupied rent-free. His relation would seem to be more analogous to that of a tenant rather than a contractor of the *Lange Canning Company.* However, if Smith was a contractor of the *Lange Canning Company,* his contract was completed and their relations terminated prior to the time the injury was sustained. He had already served breakfast. That was the last act to be performed by him under the arrangements between him and the *Lange Canning Company.* He had already removed most of his belongings from the premises. If their relations had not then terminated, it is difficult to say when they did terminate. Even though the claimant continued in his employ, she was not an employee of the *Lange Canning Company,* within the contemplation

of the statute, if the relation existing between her employer
and the *Lange Canning .Company* had been terminated.    If
she were in the immediate employ of the *Lange Canning
Company,* whether she would be entitled to compensation ·
for injuries, after her contract of employment had ter-
minated but before she left the premises, would present
another question.    The act relied on makes the employer
liable for injuries to a subcontractor.    Manifestly the em-
ployer is liable only for such injuries as are sustained while
the relation of contractor exists.    We think that relation,
if it ever did exist, was terminated before the injuries were
sustained, and that the *Lange Canning Company* is in no
sense liable for compensation therefor.

It is claimed, however, that because the *Lange Canning
Company* voluntarily paid the temporary award of $95.15
without appealing therefrom, the question of its liability is
*res adjudicata.*    Sec. 2394—19 provides for the review of
an award (which is commonly called an appeal) in the fol-
lowing language:

"The findings of fact made by the commission acting
within its powers shall, in the absence of fraud, be con-
clusive; and the order or award, either interlocutory or final,
whether judgment has been rendered thereon or not, shall
be subject to review only in the manner and upon the
grounds following: Within twenty days from the date of
the order or award, any party aggrieved thereby may com-·
mence, in the circuit court for Dane county, an action against
the commission for the review of such order or award, in
which action the adverse party shall also be made defend-
ant."

Here there were two awards.    The first was for a rela-
tively small amount.    The *Lange Canning Company* might
not have felt aggrieved·by this award, or it might have con-
sidered it cheaper to pay the award than to bring the neces-
sary proceeding to be relieved therefrom.    It was confronted
with a different business proposition, however, when the
larger award was made.    It was the larger ·and .not the

Lange Canning Co. v. Industrial Comm. 183 Wis. 583.

smaller award by which it felt aggrieved. The statute specifically prescribes that it might bring an action to review either an interlocutory or final award, which action might be brought within twenty days from the date of the order or award by which it is aggrieved. The voluntary payment of the first or temporary award did not bar it from bringing an action to review the second award, with the same right to challenge every ground upon which the award was based that it would have had in the event that no temporary award had been made.

It is true that the award here under review is based on the same findings of fact, so far as the relation of the parties is concerned, that constituted the basis of the temporary award. But it has never been held, so far as we are advised, that findings of fact constitute *res adjudicata*. Neither are we prepared to say that the doctrine of *res adjudicata* is applicable to administrative findings or orders. But we have considered the question upon the theory upon which it was argued and have arrived at the conclusion that the statute expressly authorizes an action to review either the interlocutory or final award, and that the voluntary payment of one does not affect the right to review the other, even though both be based on the same findings of fact. It follows that the award here under review was erroneous, and should be vacated and set aside.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment vacating the award of the *Industrial Commission.*

A motion for a rehearing was denied, without costs, on May 6, 1924.