HINRICHS, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*April 29—May 25, 1937.*

*C. M. Hanratty* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Zenith Foundry Company and Employers Mutual Liability Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Arthur Larson* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

FOWLER, J. This is an appeal from a judgment confirming a final award of the Industrial Commission which com-

puted the amount of an award for permanent disability on a basis of earnings less than that used in computing the compensation for the temporary disability. The only ground of the appeal is that the commission was without jurisdiction to use a different basis of computation in the final award than the one used in the temporary award because the temporary award was *res judicata* as to the basis of computation.

The contention of appellant was settled to the contrary in *Lange Canning Co. v. Industrial Comm.* 183 Wis. 583, 588, 197 N. W. 722. We would affirm the judgment without opinion but for the fact that the contention here made was also made in the recent case of *Jackson Monument Co. v. Industrial Comm.* 220 Wis. 390, 265 N. W. 63. We did not consider the contention in that case because other grounds afforded sufficient support for the decision. That the contention has been twice made seems to indicate that the bar may be in doubt as to the effect or finality of the decision in the *Lange Case.*

A temporary award was made in the instant case covering a period of seventy-six weeks from the time of the injury to June 8, 1933. The order expressly reserved jurisdiction "to pass upon liability . . . for compensation benefits following June 5, 1933." No action was commenced by the employer or its insurer to vacate this award. Payments were made according to the award up to the time of the order fixing compensation for permanent disability. The order fixing the compensation for permanent disability fixed the correct wage basis at $775.34 per year, instead of $30 per week, and denied credit for the excess over the amount computed on the correct wage basis as fixed by the latter order.

In the *Lange Case* an interlocutory award for temporary disability had been made. There was no action to review that award. Later there was a final award for permanent disability, and an action was commenced and judgment of confirmance was entered. The plaintiff contended that the

commission was without jurisdiction because the relation of employer and employee did not exist at the time the applicant's injury was sustained. That it did exist was as essential to jurisdiction to make the temporary award as to make the final one, and the relation had been found to exist when the former award was made. It was contended that the determination of the existence of the relationship made when the temporary award was granted was *res judicata.* On appeal to this court the judgment of the circuit court was reversed and vacation of the award ordered on the ground that the record showed that the relation of employer and employee had terminated before the injury occurred. The point that the first finding of the commission was *res judicata* was thoroughly discussed, and it was considerately held that acquiescence in the first award did not prevent the commission from reconsidering and redetermining the jurisdictional fact of existence of the relationship of employer and employee when the final award was made. If reconsideration and redetermination of the jurisdictional fact of existence of the relation of employer and employee made in fixing the temporary award may be had and made in making the final award, with at least equal and for the same reason may the wage basis of computation be reconsidered and redetermined in making the final award.

The appellant seeks to have the temporary award of the Industrial Commission given the same force and effect as an interlocutory judgment of a court, and to apply the same rule of *res judicata* to such an award as he deems to be applicable to such a judgment. The Industrial Commission is not a court. Its determinations are not judgments of a court. A temporary award of the commission is not an interlocutory judgment of a court. If an interlocutory award of a court is *res judicata* as to the issues involved in it, it does not follow that a temporary award of the commission is *res judicata* as to the issues therein involved. The opinion

of the *Lange Case, supra,* at page 588, states: "Neither are we prepared to say that the doctrine of *res judicata* is applicable to administrative findings or orders." We are now prepared to say, and we now do say, without saying further, that the doctrine of *res judicata* does not apply to temporary awards of the Industrial Commission.

There is no need to repeat or add to what was said in the *Lange Case* as to the reasons for holding a temporary award of the commission not *res judicata.* As no contention is made that the wage basis used by the commission in making the final award is not correct, but the appellant rests his case solely on the proposition that the basis used in making the temporary order is *res judicata,* the judgment of the circuit court confirming the award is affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.