Maryland Casualty Company, Appellant, vs. Industrial Commission and others, Respondents.

*January 11—February 7, 1939.*

364

366

For the appellant there were briefs by *James E. Coleman,* attorney, and *John S. Barry* of counsel, both of Milwaukee, and oral argument by *Mr. Barry.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Douglas county and Trustees Middle River Sanatorium there was a brief by *Thomas W. Foley,* district attorney, and oral argument by *James C. McKay,* assistant district attorney.

For the respondent Employers Mutual Liability Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Arthur Larson* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

FOWLER, J. As more particularly appears from the foregoing statement of facts, the appellant, the Maryland Casualty Company, the insurer of Douglas county, which operated a tuberculosis sanatorium, was required by an interlocutory award of the Industrial Commission to pay the medical and hospital expenses of Miss Forness, a maid employed in the sanatorium, who became afflicted with tuberculosis while so employed and was totally disabled, and to pay until further order of the commission her wage loss since June 4, 1937, up to which time her wage loss had been paid by the Employers Mutual Company pursuant to a previous interlocutory award. The original award had mistakenly found that the Employers Mutual Company was the insurer at the time of the affliction. The instant award found that the Maryland Casualty Company was the insurer at that time.

It is to be borne in mind that by its original interlocutory award the Industrial Commission reserved jurisdiction of the applicant's claim for compensation, and of all questions relating to her compensation and the duration and extent of her disability that might be thereafter raised by her or any party in interest. The Maryland Casualty Company acquired no rights by the original interlocutory order nor was it relieved of liability for future compensation if liability therefor in fact existed. Nor was the Employers Mutual Company barred by that award from asserting in subsequent proceedings before the commission the mistake of fact of the parties to the hearing on which the award was based, nor from seeking correction of the finding in that respect and discharge from future liability. Interlocutory orders of the commission are not *res judicata*. *Lange Canning Co. v. Industrial Comm.* 183 Wis. 583, 197 N. W. 722; *Jackson Monument Co. v. Industrial Comm.* 220 Wis. 390, 265 N. W. 63; *Hinrichs v. Industrial Comm.* 225 Wis. 195, 273 N. W. 545.

The appellant in effect makes four assignments of error which will be stated and discussed separately in the following paragraphs successively numbered:

(1) The appellant contends that the Industrial Commission exceeded its powers because the company was not a party to the proceeding before the commission at the time the award was made against it. This claim is based on the hypothesis that the only way the company could be made a party was for the commission to serve upon it a copy of the original application for compensation, and this was never served.

It is true that sec. 102.17 (1) (a), Stats., provides for service by the commission of such copy upon all parties in interest and declares that an insurer is a party in interest, as it manifestly would be without such declaration. But the company appeared by its counsel before the commission at the time set for the hearing of the petition of Miss Forness for her medical and hospital expenses and the petition of the Employers Mutual Company for release from further payments. We perceive no reason why an insurer may not appear before the commission at a time set for a hearing, if it wants to, without such service and make answer to the claims made against it at the hearing. Nor do we see if it does so why it is not as much a party to the proceeding and as much bound by the determination made as it would be had the applicant's claim been served upon it by the commission. We do not see that it can reasonably be contended otherwise, especially under sec. 102.30 (1), Stats., which reads:

"The appearance, whether general or special, of any such insurance carrier by agent or attorney shall be a waiver of the service of copy of application and of notice of hearing required by section 102.17. . . ."

It is to be borne in mind that the commission by its original interlocutory order reserved jurisdiction of the pro-

ceedings for compensation for future determination whether the total disability the applicant was suffering from was permanent or temporary and for determination of such other matters as might arise before final disposition. Sec. 102.18 (1), Stats., provides that:

"Pending the final determination of any controversy before it, the commission may after any hearing make interlocutory findings, orders and awards which may be enforced in the same manner as final awards. . . ."

Appellant further contends that orderly procedure required that a formal order be signed or entered by the commission making it a party and determining whether it should be substituted for the Employers Mutual Company in order to empower the commission to make an award against it on the premise that this would be necessary in an action in a court. If the premise be granted, the conclusion does not follow. The commission is not a court, and it is not required to conduct its proceedings according to the course of courts. The Maryland Casualty Company made itself a party by its own conduct, and the substitution was as effectively accomplished by the commission's order as it would have been had the procedure suggested been followed. The Maryland Casualty Company was accorded every right and privilege that could have been allowed had the procedure suggested been followed.

(2) The appellant urges that claim was not made upon it for compensation within two years from the time the applicant learned of the injury for which she sought compensation. That this was not necessary is ruled against it by the affirmance of the original order by this court in *Trustees, M. R. Sanatorium v. Industrial Comm., supra.* This is the precise and only contention made in that case. The statute, sec. 102.12, only requires notice to the employer. The employer being bound, its insurer is bound with it. That the employer was bound was determined in the former

proceeding. Arguing on the assumption that it has not been made a party, appellant cites *Sentinel News Co. v. Industrial Comm.* 224 Wis. 355, 271 N. W. 413, 272 N. W. 463, to the point that new parties must be brought in within the two-year period limited by the statute last cited. But the Sentinel News was the *employer,* and it was sought to make it a party when sec. 102.12, Stats., expressly provides that claim against the *employer* must be filed within two years. It is expressly stated in the *Sentinel News Co. Case* (p. 360):

"The statute [sec. 102.12] does not require the commission to serve a notice within two years. It only requires that an application *be filed within two years.* Service may be had thereafter upon the parties named [the insurance carrier] and the claim will not be barred."

It is true that the language of the opinion on page 361 uses the word "party" in such a way as to be subject to the inference that it covered any party, an insurer as well as an employer, but for the fact that the statement above quoted clearly precludes such inference. The word "party" as there used refers only to a party who is claimed to be an employer. It was held in *Maryland Casualty Co. v. Industrial Comm.* 198 Wis. 202, 211, 221 N. W. 747, 223 N. W. 444, that—

"When an insurance company undertakes to write workmen's compensation insurance it assumes the employer's obligation to pay compensation. The measure of its liability under its policy and the statute is the employer's liability to the injured employee."

The liability of the employer, Douglas county, was fixed by the first proceeding. That liability the Maryland Casualty Company by its policy assumed and that liability it must meet. *Independence Indemnity Co. v. Industrial Comm.* 209 Wis. 109, 244 N. W. 566. If it was the county's insurer at the time of the injury it must pay the award

against the county. *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 146, 147, 233 N. W. 772.

(3) Appellant also claims in effect that the Employers Mutual Company is estopped from asserting that the Maryland Casualty Company should be substituted for it as the one to pay the compensation adjudged because it did not assert such claim and bring in that company as a party when it first learned that the injury occurred in March or April, 1932, when it was not and the Maryland Casualty Company was the insurer. So to hold would be to create a contract of insurance between the county and the Employers Mutual Company when in fact no contract existed between them for over a year thereafter. This cannot be done. Insurance contracts cannot be created by estoppel. *McCoy v. Northwestern Mutual Relief Asso.* 92 Wis. 577, 66 N. W. 697; *Macomber v. Minneapolis F. & M. Ins. Co.* 187 Wis. 432, 204 N. W. 331; *Fitzgerald v. Milwaukee Automobile Ins. Co.* 226 Wis. 520, 277 N. W. 183.

(4) The appellant also claims that it was denied due process because on the first hearing it was not present and had no opportunity to defend. Whatever force there would otherwise be in this contention fails in view of the proffer of a trial *de novo,* of which it failed to take advantage.

*By the Court.*—The judgment of the circuit court is affirmed.