Harnischfeger Corporation, Appellant, vs. Industrial Commission and another, Respondents.

*October 15—November 16, 1948.*

For the appellant there was a brief by *L. A. Tarrell*, attorney, and *T. W. Korb* of counsel, both of Milwaukee, and oral argument by *Mr. Tarrell.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan.*

MARTIN, J. There are three incidents which are involved in this case: (1) The 1937 compensable accident when Wickman fractured his left leg; (2) the 1942 accident when Wickman fractured his leg in an automobile accident while on a fishing trip; and (3) the 1946 incident when Wickman sustained a spontaneous or pathological fracture of his left leg.

Whether the fracture which occurred on March 25, 1946, was a proximate result of the compensable injury sustained

by Wickman on December 1, 1937, presented a question of fact for the commission. *Western Lime & C. Co. v. Industrial Comm.* (1928) 194 Wis. 606, 608, 609, 217 N. W. 303; *Frayer v. Industrial Comm.* (1934) 214 Wis. 673, 253 N. W. 96.

The evidence is undisputed that Wickman developed osteomyelitis in the tibia following his injury in '1937. Dr. Vander Linde, the physician who treated Wickman from December 1, 1937, until 1944, testified at the January 4, 1943, hearing that on December 1, 1937, Wickman had a compound comminuted fracture of the left tibia and that osteomyelitis developed. At the May 21, 1943, hearing, Dr. Vander Linde again testified as to the evidence of osteomyelitis after the 1937 injury.

Dr. P. S. Epperson, who specializes in X ray, testified that an X ray taken on August 4, 1942, showed a healed fracture and "the osteomyelitis is healed."

Dr. William H. Alexander, who saw Wickman's leg in 1941 when there was a discharging sinus, testified that Wickman probably had a low-grade chronic osteo.

The medical testimony of the doctors established that osteomyelitis resulted from the crushing leg injury. Therefore, in its award of June 14, 1943, the commission stated in part: "developed osteomyelitis which has now subsided, but which may, in the future, recur and result in additional disability."

Wickman brought an action to review the commission's finding that the 1942 disability was caused by the automobile accident and was not the proximate result of the injury of December 1, 1937. The action was dismissed on plaintiff's motion. The Harnischfeger Corporation filed no answer and no cross complaint. It need not be considered whether the appellant is now bound by the 1943 determination of causal relationship between the 1937 injury and the osteomyelitis that followed for *res judicata* does not apply to tem-

porary awards of the commission. *Hinrichs v. Industrial Comm.* (1937) 225 Wis. 195, 273 N. W. 545. The commission's finding does, however, evidence the presence of medical testimony to sustain the 1943 finding, and acquiescence in that finding by the appellant.

The commission in its finding of May 29, 1947, found that Wickman sustained a spontaneous fracture of the left leg while walking. Dr. C. H. Boren testified that bone disturbances, whereby the structure, tensile strength of the bone, has been weakened, may cause spontaneous fracture. Wickman testified that the 1946 accident happened when he stepped out of a car, started walking about two steps and his left foot came down on a frozen rut. He fell forward. He stated that he knew his leg was broken as soon as he fell down as it snapped when he stepped on the frozen rut. There is evidence, as found by the commission, that Wickman sustained a spontaneous fracture of the left leg.

Dr. William H. Alexander, who specializes in general and industrial surgery, testified that Wickman suffered from osteomyelitis as a result of the original injury; that the osteomyelitis never disappeared entirely; and that the osteomyelitis was the cause of the spontaneous or pathological fracture which occurred in 1946.

Dr. C. H. Boren, who did a great deal of work in general surgery and the industrial field of medicine and surgery, testified that low-grade chronic osteomyelitis may have quiescent periods and such periods do not indicate that the condition is entirely healed or cured, that even a quiescence for three or four months would not indicate complete healing, and that if it broke out again it was a part of the original process. His testimony confirms that given by Dr. Alexander, and the testimony of either or both more than fulfils the requirement of evidence to sustain the commission's findings.

There is medical testimony to the contrary by Drs. Vander Linde and John O. Dieterle with reference to the spontaneous

fracture in 1946 being a proximate result of the 1937 compensable accident, but the testimony of the other physicians refers to testimony at the 1943 hearing on the question of whether the 1942 accident was a result of the 1937 accident.

The commission's finding on disputed medical testimony is conclusive in view of the testimony of Drs. Alexander and Boren that the spontaneous fracture in 1946 was the proximate result of the compensable injury which occurred in 1937. *A. D. Thomson & Co. v. Industrial Comm.* (1928) 194 Wis. 600, 602, 603, 217 N. W. 327; *Crucible Steel Casting Co. v. Industrial Comm.* (1936) 220 Wis. 665, 669, 265 N. W. 665; *Squires v. Industrial Comm.* (1946) 248 Wis. 189, 21 N. W. (2d) 264.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.