MOLINARO, Plaintiff and Respondent, v. INDUSTRIAL COM-
MISSION, Defendant: MILWAUKEE LIMESTONE PROD-
UCTS COMPANY and another, Defendants and
Appellants.

*April 8—May 5, 1959.*

254

For the appellants there was a brief by *La France, Thompson, Greenquist, Evans & Dye,* attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Alfred E. La France.*

For the respondent there was a brief and oral argument by *Lucien J. Piery* of Kenosha.

BROADFOOT, J. Sec. 102.18, Stats., provides that after the hearing upon an application for workmen's compensation the commission shall make and file its findings upon all the facts involved in the controversy. The issues upon which findings of fact should have been made were as set up in the employer's answer. The examiner found that no injury occurred to the applicant. This was clearly in error. The applicant testified to an injury, a coemployee called as a witness by the employer testified to an injury, and the applicant's personal physician testified to the injury. In addition thereto the employer, in its first report, stated that the claimant received a bump on the side of the head while getting out of a truck and described the character of the injury as a slight concussion.

The commission struck the above finding by the examiner but made no finding as to whether or not the claimant sustained an injury. The commission made no direct finding as to the nature and extent of the disability caused by the injury, and made no finding as to whether the applicant is entitled to reimbursement for any medical expense. It is

clear that specific findings should be made upon each controverted issue. *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194; *Kolman v. Industrial Comm.* 219 Wis. 139, 262 N. W. 622; *California Packing Co. v. Industrial Comm.* 270 Wis. 72, 70 N. W. (2d) 200.

Ordinarily in reviewing the findings and order of an examiner a complete transcript of the hearing is not available to the commission. Shortly after the hearing the examiner customarily dictates a synopsis of the proceedings at the hearing. We assume that this synopsis was the basis of the commission's review. Since the entire transcript is now available it is suggested that the commission review the entire record and make its findings and order based thereon.

*By the Court.*—Order affirmed.