Brown, J.
 

 Appellant contends that the finding, “The silicosis from which the applicant suffers is nondisabling in nature” is not such a finding as sec. 102.18, Stats., demands. He insists that to be valid the findings must contain more detail to demonstrate that the silicosis is nondisabling and, as it stands, the so-called finding is not a finding of fact but is a mere conclusion. The details which appellant wants are evidentiary facts upon which the ultimate fact of disability or nondisability might depend; but the commission is not required by statute to make findings of evidentiary facts. The facts which the statute requires are “ ‘the “ultimate” facts,
 
 i.e.,
 
 the facts upon which the plaintiff’s right of recovery or the defendant’s right to defeat a recovery necessarily depends.’ ”
 
 Gerue v. Industrial Comm.
 
 (1931), 205 Wis. 68, 70, 236 N. W. 528. Appellant relies on
 
 Molinaro v. Industrial Comm.
 
 (1959), 7 Wis. (2d) 252, 254, 255, 96 N. W. (2d) 328. In that case we criticized the findings because they did not find the ultimate facts —whether or not the claimant had suffered an injury, the nature and extent of the disability, and whether the applicant was entitled to recover the medical expense. In the present case the commission has found that appellant has incurred silicosis — suffered an injury — the extent of the disability was nil, and the amount of compensation due him for his nondisabling silicosis was stated.
 

 
 *528
 
 The determination of the extent or duration of disability of an applicant for workmen’s compensation presents a question of fact and not of law.
 
 Sheehan v. Industrial Comm.
 
 (1956), 272 Wis. 595,
 
 600, 76
 
 N. W. (2d) 343. The findings in the instant case are not mere conclusions but are findings of ultimate fact. They meet the requirement of sec. 102.18 (1), Stats.
 

 Whether the evidence sustains those findings is, of course, another question and it is appellant’s principal contention that it does not. However, the undisputed evidence, including the testimony of appellant, himself, is that for some twenty years he worked for Universal Rundle Corporation as a grinder and sand blaster. This was dusty work and he was given periodic physical examinations by a specialist in chest diseases. On April 2, 1954, the X ray showed evidence of developing nodulations in both lungs. The specialist recommended that Glodowski be transferred to work which was not dusty. The employer then transferred Glodowski to a number of other jobs, such as cleaning the roof, cutting weeds, pushing a truck. He was physically capable of continuing the work of grinding and sandblasting and he was capable of doing the work involved in the jobs to which he was transferred. The dusty work had paid him from $2.75 to $2.85 per hour; the later positions paid him about $1.71.
 

 In 1956 Universal Rundle Corporation discharged Glodowski for getting drunk during working hours. After that Glodowski has held various jobs for other employers in nondusty work. Examination of appellant’s lungs as of the date of his hearing by the Industrial Commission showed silicosis of the late second and early third stage.
 

 The finding of fact by the commission on disputed questions of fact is conclusive if supported by credible evidence.
 
 Sheehan v. Industrial Comm., supra.
 

 
 *529
 
 “1. Where disputed medical testimony raises a question of fact, the findings of the industrial commission in a workmen’s compensation case are conclusive.
 

 “2. It was the claimant’s burden to prove all facts essential to workmen’s compensation to establish that the injury caused the disability for which compensation benefits were being claimed.”
 
 Tuohy v. Industrial Comm.
 
 (1958), 5 Wis. (2d) 576 (syllabus), 93 N. W. (2d) 344.
 

 “The plaintiff had the burden of proving the existence of all facts essential to compensation and if, in the mind of the commission, she failed to do so, it was the commission’s duty to deny the application.
 
 Hemans v. Industrial Comm.
 
 (1954), ante, p. 100, 62 N. W. (2d) 406. If the evidence before the commission was such as to raise in the minds of its members a legitimate doubt as to the right of the plaintiff to compensation it was its duty to deny compensation.
 
 Beem v. Industrial Comm.
 
 (1943), 244 Wis. 334, 12 N. W. (2d) 42.”
 
 Rick v. Industrial Comm.
 
 (1954), 266 Wis. 460, 464, 63 N. W. (2d) 712.
 

 Two doctors who had made tests of Glodowski’s, lungs gave their opinion that the silicosis from which he suffered was not disabling. A third doctor testified that he believed the silicosis was beginning to be disabling. There is no dispute that at the time Glodowski was taken off the dusty job he was physically capable of continuing that work. It was the threat to his health if he continued the exposure to dust which caused his transfer. A change of work became advisable to prevent disabling consequences but disability had not occurred. Evidence sustains the commission’s finding that the silicosis from which Glodowski suffers is non-disabling.
 

 The material provisions of sec. 102.565, Stats. 1953, are as set forth in the above statement of facts.
 

 The learned trial court well said:
 

 “It is undisputed that the purpose of enacting sec. 102.565 which was initially created by ch. 488, Laws of 1935, was to take care of wage loss suffered by a worker who was
 
 *530
 
 discharged when an employer learned that he was suffering from silicosis but was still able physically to continue in his employment. The wage indemnification provided in the statute was to take care of such discharged worker who had to find a new job and often learn a new trade.”
 

 We view the present case as one exactly of the kind for which the statute was designed. The order of the commission gives Glodowski the maximum allowance permitted by the above statute and, for possible future consideration, the order recites:
 

 “That jurisdiction is reserved for further findings and order in the event that the applicant becomes disabled or needs treatment because of his silicosis injury; that as so modified the findings and order of the examiner are hereby affirmed.”
 

 As a practical proposition, the trial court and we are at a loss to discover why the appellant considers himself aggrieved by the order.
 

 Appellant bitterly complains that the commission has discriminated against him because the commission has here reached a conclusion opposite to that in other cases when, he asserts, similar facts were involved. As an argument intended to persuade a court to reverse the decision of the commission it has no merit. In cases on identical facts, if the facts are in dispute and there is any credible evidence to support a decision, either way, the commission’s finding of fact is beyond reach of the court.
 

 “If the commission finds against the great weight and clear preponderance of the evidence, or if it finds upon a given state of the evidence one way in one case and another way in another case, there being the requisite minimum evidence in each case, the matter is beyond the jurisdiction of this court.”
 
 Hills Dry Goods Co. v. Industrial Comm.
 
 (1935), 217 Wis. 76, 85, 258 N. W. 336.
 

 By the Court.
 
 — Judgment affirmed.