AMERICAN MOTORS CORPORATION, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*November 25, 1964—January 5, 1965.*

For the appellant there was a brief by *Quarles, Herriott & Clemons,* and oral argument by *Laurence C. Hammond, Jr.,* all of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the respondent Haessly there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Albert J. Goldberg.*

WILKIE, J. The only issue presented on this appeal is whether an interlocutory order of the Industrial Commission (February 21, 1961), which reserved jurisdiction only as to permanent disability and medical treatment, precludes the making of an additional award for temporary disability.

The essence of appellant's position is that the first order (February 21, 1961) entered after the first hearing, which provided for a specified period of temporary disability but reserved only the question of permanent disability, was final on the question of temporary disability (even though no review was sought of that order or of the second order, dated November 15, 1961, which allowed some further temporary disability but again did not expressly reserve jurisdiction on that issue) and left the commission without jurisdiction (following a third hearing) to provide for further temporary disability and to reserve jurisdiction "on all issues" (including further temporary disability).

The commission's first order was labeled "Interlocutory." The commission has the power to make interlocutory awards.[1] Appellant's contention that this first order was in effect final in regard to temporary disability cannot be

---

[1] "102.18 FINDINGS AND AWARD. (1) . . . Pending the final determination of any controversy before it, the commission may after any hearing make interlocutory findings, orders and awards which may be enforced in the same manner as final awards."

sustained. Although it was expressly agreed at the first hearing to consider only the liability question, evidence sufficient to sustain the award of temporary disability was nonetheless introduced. At any rate, since no appeal was taken from the first order,[2] appellant is precluded from challenging *subsequent* orders on the grounds that the *initial* order was final in regard to temporary disability. As the court said in *Thomas v. Industrial Comm.*[3] :

"The *California Packing Co. Case* demonstrates that an employer has an adequate remedy to review an unauthorized entry by the commission of an interlocutory instead of a final order by instituting a timely action for court review. We deem that this should be the employer's only remedy to challenge such an interlocutory order, and that the employer waives his right to later attack such an order if he has failed to take advantage of such remedy."

In the *California Packing Co. Case*[4] the court held that the commission could not reserve a claim for further order as to temporary disability where there was no evidence in the record to show that the applicant may suffer further temporary disability or require further medical treatment. In the instant case there was evidence in the record at each of the three hearings that the applicant's temporary disability continued and that she would require further medical attention.

Appellant next contends that retaining jurisdiction over a single issue does not reserve the power to reconsider all issues. In *Lange Canning Co. v. Industrial Comm.*[5] it was determined at the first hearing that the claimant was an employee and a nominal temporary award was made from which no appeal was taken. The claimant was later awarded

---

[2] Sec. 102.23 (1), Stats., requires an appeal, "within 30 days from the date of an order or award . . ."

[3] (1958), 4 Wis. (2d) 477, 483, 90 N. W. (2d) 393.

[4] *California Packing Co. v. Industrial Comm.* (1955), 270 Wis. 72, 70 N. W. (2d) 200.

[5] (1924), 183 Wis. 583, 197 N. W. 722.

a substantial amount, and the employer appealed on the ground that no employer-employee relationship existed. In concluding that the question of liability remained open even though previously resolved in the initial hearing, the court said:

"The voluntary payment of the first or temporary award did not bar it from bringing an action to review the second award, with the same right to challenge every ground upon which the award was based that it would have had in the event that no temporary award had been made.

"It is true that the award here under review is based on the same findings of fact, so far as the relation of the parties is concerned, that constituted the basis of the temporary award. But it has never been held, so far as we are advised, that findings of fact constitute *res adjudicata*. Neither are we prepared to say that the doctrine of *res adjudicata* is applicable to administrative findings or orders. But we have considered the question upon the theory upon which it was argued and have arrived at the conclusion that the statute expressly authorizes an action to review either the interlocutory or final award, and that the voluntary payment of one does not affect the right to review the other, even though both be based on the same findings of fact. It follows that the award here under review was erroneous, and should be vacated and set aside." [6]

If an issue could be reconsidered in *Lange, a fortiori* the question of temporary disability can be reviewed in the present case since *Lange* involved a specific finding while here there was no finding *per se* that the healing period had ended.

[6] *Lange Canning Co. v. Industrial Comm., supra,* at page 588. In *Hinrichs v. Industrial Comm.* (1937), 225 Wis. 195, 273 N. W. 545, the court held that the basis of computation for a temporary award was not *res judicata* as to the basis used for the permanent award. Later cases affirmed the principle that *res judicata* does not apply to interlocutory orders of the industrial commission. *Harnischfeger Corp. v. Industrial Comm.* (1948), 253 Wis. 613, 34 N. W. (2d) 678; *Maryland Casualty Co. v. Industrial Comm.* (1939), 230 Wis. 363, 284 N. W. 36.

Respondents contend that the reservation of the permanent-disability question implies that the healing period has not ended and respondents therefore conclude that this is tantamount to an express reservation of jurisdiction with respect to temporary disability. A similar contention was rejected in *Larsen Co. v. Industrial Comm.*[7]

In *Larsen* the court concluded that the commission, after entering an order holding that the healing period had ended on February 25, 1955, with a finding of permanent disability, had gone beyond the evidence in entering a later order allowing total temporary disability during the period from March 7, 1955, to December 10, 1956, the date at which corrective surgery was had leading to further total temporary disability from December 10, 1956, until September 19, 1957, where the record failed to establish that the healing period covered the entire time from February 25, 1955, to September 19, 1957.

The court held that an employee is entitled to temporary-disability benefits only "while he is convalescing and undergoing treatment," and is not disqualified for continuing on the job if "his injury is of a nature that does not totally disable him."[8]

It is possible that in a particular case the healing period will terminate simultaneously with the determination of the permanent disability. But a mere reservation of jurisdiction as to permanent disability is not assurance that this automatically follows.

There was nothing misleading to the employer here by the commission's determination that jurisdiction had been reserved on all issues. On two occasions the examiner had ordered payment for periods of temporary disability without an appeal by appellant. That the examiner who issued the February 21, 1961, order did not regard the matter as closed

---

[7] (1960), 9 Wis. (2d) 386, 101 N. W. (2d) 129.

[8] *Larsen Co. v. Industrial Comm., supra,* at page 393.

is shown by the fact that he made an additional award following the second hearing. The Industrial Commission itself was convinced that jurisdiction had been retained.[9] The commission's interpretation of orders issued by examiners is relevant.[10] There was no finding in regard to cessation of temporary payments or to the healing period. Since sec. 102.18 (1), Stats., commands that the rights of the party shall be spelled out,[11] it is reasonable to require an express severing of a claimant's right to temporary disability.

At the first hearing both counsel clearly intended to reserve the question of *all* disability. For some unexplained reason, however, the examiner awarded temporary-disability benefits while reserving jurisdiction over just *permanent* disability. The second order continued temporary payments and contained the same reservation of jurisdiction. Sufficient evidence was introduced at each hearing to sustain both awards and appellant sought review from neither order. At the third hearing appellant finally objected to further temporary awards. As aptly put by the trial judge:

"Concededly, it would have been better practice for Examiner Michalski in his findings and order of November 15, 1961, to have reserved jurisdiction on all issues. This would have been more precise and accurate draftsmanship. On the other hand, certainly neither the commission nor the court should deprive workers of the rights given to them by law because of the inapt or incomplete phraseology used by a

---

[9] The commission's order of December 11, 1962, recited that: "The findings of fact dated November 15, 1961, do not include any finding that temporary disability had ceased, or that applicant's condition had become stationary; that the interlocutory order on said date did not restrict the reservation of jurisdiction, and jurisdiction is therefore reserved upon all issues; . . ."

[10] *Levy v. Industrial Comm.* (1940), 234 Wis. 670, 291 N. W. 807.

[11] 102.18 "(1) After final hearing the commission shall make and file its findings upon all the facts involved in the controversy, *and its order, which shall state its determination as to the rights of the parties. . . .*" (Emphasis added.)

busy and harassed examiner in his written findings of fact and order."

Justice requires that we affirm the trial court's affirmation of the Industrial Commission's order directing payment for a further period of temporary disability and reserving jurisdiction on all issues.

*By the Court.*—Judgment affirmed.