CONLEY, Plaintiff and Respondent, v. INDUSTRIAL COM-
MISSION and others, Defendants and Appellants:
PETROLEUM TRANSPORT COMPANY and another, In-
tervenors and Respondents.

*January 7—March 1, 1966.*

For the appellant Industrial Commission there was a brief by *Bronson C. La Follette,* attorney general, and *Beatrice Lampert,* assistant attorney general.

For the appellants Indianhead Truck Lines, Inc., and Bituminous Fire & Marine Insurance Company there was a brief by *Schlotthauer, Jenswold, Reed & Studt,* and *John F. Jenswold* and *Robert R. Studt,* all of Madison, and oral argument by *John F. Jenswold.*

For the respondent Walter R. Conley there was a brief by *Merten, Connell & Sisolak* and *James G. Sisolak,* all of Milwaukee, and oral argument by *James G. Sisolak.*

For the respondents Petroleum Transport Company and Hartford Accident & Indemnity Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

BEILFUSS, J. The appellants, Indianhead and Industrial Commission, and the intervenor-respondent, Petroleum, all contend the judgment of the circuit court should be reversed and that the order of the Industrial Commission should be affirmed. Conley contends that the judgment of the circuit court should be affirmed so as to remand the matter to the commission for further hearing to determine whether Petroleum or Indianhead or both are liable to Conley for permanent partial disability.

The principal issues before the court are:

1. Did the commission, by its interlocutory order in 1960, reserve jurisdiction over Petroleum and its insurer to determine the question of permanent partial disability?

2. Did the 1963 order of the commission determine all of the issues between Conley and Indianhead?

Before discussing the issues set forth, we note that Indianhead does not contest the additional award of medical expense for total temporary disability as provided in the commission order of 1963. The question of temporary disability is, therefore, not at issue. We further note that none of the parties dispute that Conley has a permanent partial disability of his back. The employers do not concede the percentage of disability; and the commission as well as the employers contends that the commission found that Conley has not met his burden of proof to establish that his permanent disability was caused by an industrial accident for which they are liable under the Workmen's Compensation Act.

Indianhead, Petroleum, and the commission all contend that the 1960 orders of the examiner and the commission as affirmed by the circuit court and this court in *Indianhead Truck Lines v. Industrial Comm., supra,* in effect determined that Petroleum was not liable to Conley and dismissed Conley's claim against Petroleum.

In the 1960 hearing the examiner considered Conley's claim in its entirety—both as to temporary and permanent disability insofar as Petroleum and Indianhead were concerned. The examiner found:

"That the effect of the vibrations of the 5 axle unit truck experienced by the applicant in November of 1954 and again in November of 1957 was not of such a nature as to warrant the conclusion that there was a causal connection between the vibrations and the herniated disc of the applicant.

"That in January of 1960 no traumatic episode was involved of sufficient intensity to produce a herniated spinal disc; that the said episode was not of the type which was adequate to permanently aggravate any pre-existing back trouble."

Upon this finding the examiner, by order, dismissed the application for compensation.

The commission, upon review of the examiner's findings and order, found:

"That the applicant worked for the respondent, Petroleum Transport Company, December 6, 1948 to October 12, 1959, and for the respondent, Indianhead Truck Lines, Inc., October 12, 1959 to January 8, 1960, as a truck driver; that he experienced back pain and complaints in November, 1954, but continued working until January 8, 1960; that in late 1956 or early 1957 he again experienced low back pain; that on January 8, 1960 applicant made a quick grab for an unloading hose, which slipped from his grasp; that such incident precipitated increased back symptoms; that applicant thereby sustained injury while performing service and in the course of his employment; that his injury arose out of his employment with the respondent, Indianhead Truck Lines, Inc.; that due notice was given; that out of this injury applicant sustained temporary total disability January 8, 1960 to May 16, 1960; that the respondent and insurance carrier did not provide treatment; that the applicant incurred expense for treatment by St. Luke's Hospital in the sum of $527.80, and by Dr. Martin Denio, Jr. in the sum of $110.00; that such treatment was necessary to cure and relieve applicant from the effects of his injury; that the extent of disability, if any, beyond May 16, 1960, cannot be determined at this time; that jurisdiction shall be reserved on all issues."

It is apparent that the commission considered the incidents of 1954 and 1957, and it is significant that they found "his injury arose out of his employment with" Indianhead by virtue of the incident of January 8, 1960.

The order that followed directed that Indianhead alone be required to pay the benefits and expenses of temporary disability. The action in circuit court and the appeal to this court were instituted by Indianhead alone, wherein it challenged the sufficiency of the evidence to warrant a finding of an injury on January 8, 1960. In that action and on appeal Conley did not challenge the finding of the commission that "his injury arose out of his employment with" Indianhead.

On the appeal *(Indianhead Truck Lines v. Industrial Comm., supra)* we affirmed the order of the commission. While the order determined the incident of January 8, 1960, was a compensable injury, required Indianhead to make payments for total temporary disability, and reserved jurisdiction for further findings and order, the only real issue before the court was the sufficiency of the evidence to support the finding that Conley suffered a compensable injury on January 8, 1960.

What the findings and order of the commission did not contain is significant. Although the issue was clearly before it, the commission did not find that Conley sustained a compensable injury from either the 1954 or 1957 incidents, nor did it order that Petroleum was liable to Conley in any manner. It found temporary total disability from January 8, 1960, to May 16, 1960, and that the extent, if any, beyond May 16th could not be determined at the time of the hearing and reserved jurisdiction on all issues.

Because the commission identified only one compensable injury and determined disability benefits coincident with the date of that injury, its reservation upon all issues can, with reason, be construed to mean a reservation for temporary disability, if any, and permanent disability, if any, after May 16, 1960, arising from the incident of January 8, 1960.

Upon remand for further proceedings both the examiner and the commission by their refusal to make Petroleum a party and by their statement of the issues involved clearly interpreted the 1960 order as a dismissal of Conley's claim against Petroleum.

We have recognized that the interpretation the commission puts upon its own orders is relevant in construing the effect of such orders.

In *American Motors Corp. v. Industrial Comm.* (1965), 26 Wis. (2d) 165, 171, 172, 132 N. W. (2d) 238, we said:

"That the examiner who issued the February 21, 1961, order did not regard the matter as closed is shown by the fact that he made an additional award following the second hearing. The Industrial Commission itself was convinced that jurisdiction had been retained. The commission's interpretation of orders issued by examiners is relevant. . . ." [Footnotes omitted.]

The trial court in its memorandum opinion stated:

"The basis, and the only basis, upon which we can and must set aside the commission order under review is that the question of permanent partial disability, if any, arising out of Conley's employment for Petroleum Transport and growing out of and incidental to such employment has not been litigated and Conley has been prejudiced thereby."

We conclude that the issue of compensable injury to Conley while in the employ of Petroleum was litigated and determined by the examiner and the commission adversely to Conley in the 1960 hearing and is *res judicata* on this issue.

Indianhead contends that all issues between it and Conley have been litigated and resolved and that the commission order should be reinstated.

Following the remand of the proceedings to the commission in 1963 at the hearing before the examiner, counsel for Conley stated "there is no claim being made for temporary total disability beyond May 10, 1960." Both Conley and Indianhead then offered additional medical testimony concerning the permanency of Conley's disability and whether it was caused by the incident of January 8, 1960.

The examiner found:

"That the applicant had chronic back trouble since 1954; that the accident of January 8, 1960, aggravated a pre-existing back condition and precipitated back symptoms that were temporary in nature; that the applicant suffered no permanent disability as a result of the accident of January 8, 1960."

The finding was affirmed by the commission.

Conley admitted that he was never entirely free from pain in his back from 1954; that on several occasions prior to January, 1960, the pain was so severe he crawled on his hands and knees; that after his surgery in February of 1960 his condition so improved that he was able to discard the back support belt he wore prior to January, 1960; and that the condition of his back in 1962 was better than it had been at any time since 1955.

Dr. Ansfield, a qualified orthopedist, examined Conley and testified that from history given by Conley, from his examination of Conley, and from Conley's response to the treatment, no permanent injury resulted from the incident of January 8, 1960.

Dr. Collopy testified that it was his opinion that in 1961 Conley had 10 percent permanent disability due to his back condition. He could not, however, determine what part of that percentage was attributable to the January 8, 1960, incident.

The trial court in its memorandum stated:

*"There was convincing evidence that Conley had less disability of the back after Dr. Collopy performed his surgery and after the healing period convalescing therefrom than he had at the time Indianhead took over the Petroleum Transport semi-trailer trucking business on October 12, 1959. The prejudice to Conley was not the commission finding of no permanent partial disability resulting from employment for Indianhead. This finding and the denial of recovery for permanent partial disability from Indianhead and Bituminous based thereon are supported by credible evidence."*

Our statements and quotations in *Indianhead Truck Lines v. Industrial Comm., supra* (p. 565), as to scope of our review of the commission's finding of fact are apropos:

"If credible evidence exists in support of the commission's findings, such findings are conclusive. Sec. 102.23

(1), Stats. *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 614, 87 N. W. (2d) 256. As Mr. Justice *Hallows* put it in *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 398, 99 N. W. (2d) 182:

"'The question is not whether there is credible evidence in the record to sustain a finding the commission did not make, but whether there is any credible evidence to sustain the finding the commission did make.'

"In *Borden Co. v. Industrial Comm.* (1958), 2 Wis. (2d) 619, 622, 87 N. W. (2d) 261, this court said:

"'That testimony might have justified a contrary finding, but it is the function of the Industrial Commission and the examiners to evaluate medical testimony and determine its weight, and their findings on disputed medical testimony are conclusive. *Giant Grip Mfg. Co. v. Industrial Comm.* 271 Wis. 583, 74 N. W. (2d) 182.'

"Also, in *Glodowski v. Industrial Comm.* (1960), 11 Wis. (2d) 525, 530, 105 N. W. (2d) 833, we quoted the following from *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 85, 258 N. W. 336:

"' "If the commission finds against the great weight and clear preponderance of the evidence, or if it finds upon a given state of the evidence one way in one case and another way in another case, there being the requisite minimum evidence in each case, the matter is beyond the jurisdiction of this court." '

"In *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 205, 102 N. W. (2d) 93, we stated:

"'The causal relationship between an injury and the disability presents a fact question for the commission.'"

In *Van Valin v. Industrial Comm.* (1962), 15 Wis. (2d) 362, 364, 112 N. W. (2d) 920, we stated:

"It is an elementary principle of law that the applicant has the burden of proof in a workmen's compensation case, and if the evidence before the Industrial Commission is sufficient to raise in the mind of the commission a legitimate doubt as to the existence of facts necessary and essential to establish a claim for compensation, it becomes the duty of the commission to deny the application on the ground that the claimant did not sustain his burden of proof. *Nielsen v. Industrial Comm.* (1961), 14 Wis. (2d) 112, 109 N. W. (2d) 483; *Fitz v. Industrial*

*Comm.* (1960), 10 Wis. (2d) 202, 102 N. W. (2d) 93; and *Johnston v. Industrial Comm.* (1958), 3 Wis. (2d) 173, 87 N. W. (2d) 822."

Conley has not established beyond a legitimate doubt that his permanent disability arose out of his employment with Indianhead.

The judgment of the trial court must be reversed, with directions to reinstate the order of 1963 of the Industrial Commission.

*By the Court.*—Judgment reversed.

WILKIE, J., took no part.

CURRIE, C. J. (*dissenting*). I would affirm the judgment of the circuit court for the reasons stated in the well-considered memorandum opinion of the learned trial judge. In such opinion Judge WILKIE stated:

"We are convinced that a manifest injustice has been done the plaintiff Walter R. Conley in this case. Evidence upon both hearings supports his contention that he suffered a permanent disability of the back which arose out of his employment and while performing service growing out of and incidental to his employment for Petroleum Transport and Indianhead. A serious question is raised as to whether or not Petroleum Transport and its insurer Hartford Accident & Indemnity should be held accountable for Conley's alleged permanent disability. This issue was raised by the parties at the first hearing in August, 1960. The commission's interlocutory order of December 16, 1960, did not dispose of it. That order, as confirmed by the Circuit Court for Dane County, whose judgment was affirmed by the Supreme Court, was *res judicata* as to the commission finding of industrial injury on January 8, 1960, and temporary total disability therefrom from January 8, 1960, to May 16, 1960, but expressly reserved jurisdiction on *all* other issues. The examiner and the commission were mistaken in proceeding to determine the issue of permanent disability resulting from the January 8, 1960, issue alone without proceeding to determine the permanent disability of the back, if any, sustained by Conley during his prior years of employment by Petro-

leum Transport. Counsel for Conley is correct in contending that 'nowhere in the order' was there any finding absolving Petroleum Transport or Hartford. He raised this point upon petition for review from the examiner's order of April 29, 1963; but the commission did nothing about it. At one point in his remarks at the second hearing the examiner noted that 'Now, what evidence now, in this examiner's opinion is a matter of *res adjudicata* is that an accidental injury occurred on January 8, 1960, that as a result of such injury the applicant sustained temporary total disability to May 16, 1960, that as a result of such injury there was incurred certain medical expenses which the commission ordered to be paid'. We agree with the examiner in this statement. These matters were *res adjudicata.* But when the examiner said 'Jurisdiction was reserved as to the disability after May 16, 1960, which includes permanent partial disability, if any, as a result of the episode or accident of January 8, 1960' he had *the wrong thing in mind* in *thinking* that this was *limited* to permanent partial disability, if any, as a result of the episode or accident of January 8, 1960. His *statement* was actually correct because when he said 'Jurisdiction was reserved as to the disability after May 16, 1960,' this covered not only permanent partial disability, if any, resulting from the episode or incident of January 8, 1960, *but also* any permanent partial disability remaining after May 16, 1960, which was the result of the episodes in the fall of 1954 or the fall of 1957 while he was in the employ of Petroleum Transport. In fact it would have been much less satisfactory for the commission to have *speculated,* before the operation was performed, upon *either* the cause or the extent of *any* such alleged permanent partial disability. Thus the reservation of the determination of such issues in the interlocutory order of December 16, 1960, was the reasonable and sensible thing to do. This is 'brought home' by the medical testimony at the second hearing as compared with the medical testimony at the first hearing. *There was convincing evidence that Conley had less disability of the back after Dr. Collopy performed his surgery and after the healing period convalescing therefrom than he had at the time Indianhead* took over the Petroleum Transport semi-trailer trucking business on October 12, 1959. The prejudice to Conley was not the commission finding of no permanent partial disability resulting from employment for Indianhead. This find-

ing and the denial of recovery for permanent partial disability from Indianhead and Bituminous based thereon are supported by credible evidence. The basis, and the only basis, upon which we can and must set aside the commission order under review is that the question of permanent partial disability, if any, arising out of Conley's employment for Petroleum Transport and growing out of and incidental to such employment has not been litigated and Conley has been prejudiced thereby."

Because the commission did not enter any order dismissing the proceedings as to Petroleum Transport and Hartford Accident & Indemnity Company, Conley had the right to assume that the reservation by the commission of the issue of permanent disability was comprehensive enough to permit him to press his claim for permanent disability against Petroleum Transport and Hartford. This being so, there was no reason for him to seek court review of the commission's original order.

I am authorized to state that Mr. Justice GORDON joins in this dissent.