CITY OF FOND DU LAC, by city manager and another, Appellant, v. DEPARTMENT OF NATURAL RESOURCES (Division of Environmental Protection), Respondent.

*No. 279. Argued January 9, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 605.)

622

624

For the appellant there was a brief and oral argument by *Henry B. Buslee,* city attorney.

For the respondent the cause was argued by *William F. Eich,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

A brief *amicus curiae* was filed by *St. Peter & Hauer* and *Albert J. Hauer,* all of Fond du Lac, for the town of Fond du Lac.

HANLEY, J.   This appeal presents three issues:

(1) Was the department's 1967 hearing res judicata, thereby foreclosing it from conducting additional hearings;

(2) Did the department act arbitrarily and capriciously in denying the appellant's request for a declaratory ruling; and

(3) Did an additional hearing by the department constitute an unconstitutional usurpation of the judiciary's authority?

*Applicability of the doctrine of res judicata.*

It has long been established in this jurisdiction that the doctrine of res judicata has no application to the proceeding of an administrative agency such as the department.   In *Duel v. State Farm Mut. Automobile Ins. Co.* (1942), 240 Wis. 161, 1 N. W. 2d 887, 2 N. W. 2d 871, an insurance commissioner refused to grant a license to a foreign corporation despite the fact that his predecessor had previously granted the license.   In response to the company's assertion that the commission's previous determination was res judicata, this court stated at page 181:

"The extent of the power of an administrative body or agency to reconsider its own findings or orders has nothing to do with res adjudicata; the latter doctrine

applies solely to courts. See *Lange Canning Co. v. Industrial Comm.* 183 Wis. 583, 197 N. W. 722; *Hinrichs v. Industrial Comm.* 225 Wis. 195, 273 N. W. 545; *Maryland Casualty Co. v. Industrial Comm.* 230 Wis. 363, 284 N. W. 36. . . ."

The appellant's reliance upon *Buhler v. Department of Agriculture* (1938), 229 Wis. 133, 280 N. W. 367, is misplaced. After citing *Buhler* for the proposition that one is entitled to a fair hearing before an agency, no showing of unfairness has been presented. Any expense or inconvenience which will be incurred by the appellant as a result of further hearing is justified by subsequent changes in such factors as population, water consumption and sewage volume.

*Arbitrary and capricious action of the department.*

The appellant contends that the department's refusal to issue a declaratory ruling authorized by sec. 227.06,[2]

[2] "**Declaratory rulings.** (1) Any agency may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions.

"(2) Petitions for declaratory rulings shall conform to the following requirements:

"(a) The petition shall be in writing and its caption shall include the name of the agency and a reference to the nature of the petition.

"(b) The petition shall contain a reference to the rule or statute with respect to which the declaratory ruling is requested, a concise statement of facts describing the situation as to which the declaratory ruling is requested, the reasons for the requested ruling, and the names and addresses of persons other than the petitioner, if any, upon whom it is sought to make the declaratory ruling binding.

Stats., was arbitrary and capricious. This contention is predicated upon the assumption that all necessary information was acquired at the 1967 hearing and upon the fact that another hearing will result in additional expense to the city.

In *Jabs v. State Board of Personnel* (1967), 34 Wis. 2d 245, 251, 148 N. W. 2d 853, this court described an arbitrary or capricious decision as " '. . . one which is either so unreasonable as to be without a rational basis or the result of an unconsidered, wilful and irrational choice of conduct.' . . ." *See also: Robertson Transportation Co. v. Public Service Comm.* (1968), 39 Wis. 2d 653, 661, 159 N. W. 2d 636.

In the instant case the department did exactly as required by sec. 227.06, Stats. It denied the petition in writing, promptly notified the appellant of its decision and briefly stated its reasons for denial. One such reason was the change in circumstances since the 1967 hearing.

Prior to the commencement of the 1967 hearing it was specifically noted that such hearing was for informational purposes only and that additional hearings might be necessary before the issuance of mandatory orders. Clearly, the department's refusal to grant a declaratory ruling that it had no authority to conduct another hearing was consistent with its initial pronouncement and not "an unconsidered, wilful and irrational choice of

"(c) The petition shall be signed by one or more persons, with each signer's address set forth opposite his name, and shall be verified by at least one of the signers. If a person signs on behalf of a corporation or association, that fact also shall be indicated opposite his name.

"(3) The petition shall be filed with the administrative head of the agency or with a member of the agency's policy board.

"(4) Within a reasonable time after receipt of a petition pursuant to this section, an agency shall either deny the petition in writing or schedule the matter for hearing. If the agency denies the petition, it shall promptly notify the person who filed the petition of its decision, including a brief statement of the reasons therefor."

conduct." The problem of pollution in the Fond du Lac area has existed for many years and grows worse each day. The department has been vested with the responsibility of abating pollution and should be allowed to exercise its discretion in the discharge of this responsibility.

### Usurpation of judicial functions.

Citing *In re City of Fond du Lac, supra,* the appellant argues that the county court has determined the facts of the case and that any further hearings by the department would constitute usurpation of the judiciary's power to make factual determinations.

*In re City of Fond du Lac, supra,* simply declared the statutory procedure [3] for the formation of metropolitan sewerage systems unconstitutional in that they unlawfully granted courts authority to decide questions which were "political" rather than "factual" in nature.

In determining that the county court could not, as a matter of law, decide what was the "best" solution to the pollution problem, this court did not intend that the county court's "factual" determination should foreclose the department from conducting additional hearings. To have so held would have been in direct conflict with the legislature's express intention to vest pollution abatement authority in the department.

We conclude that the department's 1967 hearing was not res judicata, that the department did not act arbitrarily and capriciously in denying the appellant's request for a declaratory ruling, and that any additional hearing would not constitute an unconstitutional usurpation of the judiciary's authority.

*By the Court.*—Judgment affirmed.

---

[3] Secs. 66.20 to 66.209, Stats.